CLARA GRAY, *Plaintiff in Error*, v. FRANK GRAY, *Defendant in Error*.

En Banc.

Opinion Filed January 23, 1926.

*McGill* and *McGill,* Attorneys for Plaintiff in Error.

*Gov. Hutchinson* and *Gordon McCauley,* Attorneys for Defendant in Error.

TERRELL, J.—In August, 1916, Clara Gray brought suit in chancery for the purpose of restraining Frank Gray from prosecuting a suit at law ejecting her from certain described premises in Duval County, and for the purpose of having herself adjudged and decreed to be the owner in fee simple of an individual one-half interest in said lands.

Upon final hearing June 30th, 1921, on the pleadings and the report of the master, the chancellor found the equities in the cause to be with Frank Gray, and dismissed the bill of complaint.

In April, 1917, Frank Gray brought an action in ejectment against Clara Gray to secure title and possession of the identical lands described in the bill of complaint filed by Clara Gray in August, 1916. An amended declaration was filed in March, 1918. Various and sundry pleadings were filed and the case came on for trial in February, 1923, on plaintiff's replication to the declaration. After hearing the testimony and inspecting defendant's replication, the court instructed the jury to return a verdict for the plaintiff.

The record discloses that by leave of the court two additional replications were filed on the part of the plaintiff, the first of which defendant in error contends sets up an estoppel by matter of record, and the second sets up *res judicata*. A demurrer to the second replication was sustained, leaving the first replication which made the issue to the declaration, on which the trial was held. It appears that the trial court in disposing of the demurrer treated it as attacking both replications.

The sole question presented for our determination here is whether or not the decree in the chancery suit brought by Clara Gray in August, 1916, was a bar to the defense offered by her in the action of ejectment brought by Frank Gray, in April, 1917.

In brief, plaintiff in error treats the first replication as a plea of *res judicata*, while defendant in error treats it as an estoppel by matter of record. *Res judicata* is defined as a legal or equitable issue which has been decided by a court of competent jurisdiction. A thing or matter settled by judgment. An estoppel by matter of record is such as

arises from or is founded upon the adjudication of a competent court. Confessions or admissions made in pleadings in a court of record, decrees and other final determinations work estoppels. Estoppel rests on equitable principles, while *res judicata* rests on two maxims which were its foundation in Roman law, and are as follows: (1) No one ought to be twice sued for the same cause or action, and (2) it is the interest of the state that there should be an end of litigation.

In Cromwell v. County of Sac, 94 U. S. 351, the following distinction is drawn: It should be borne in mind that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment if rendered upon the merits, constitutes an absolute bar to a subsequent action; * * * but where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.

When the cause of action is the same, in order to make a matter *res judicata* there must be concurrence of the following conditions: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action, and (4) identity of the quality in the persons for or against whom the claim is made. Yulee v. Canova, 11 Fla. 9, text 56; Bouvier's Law Dictionary, Vol. 3, p. 2910.

In both the suit in chancery and in the action in ejectment referred to here, title to an undivided one-half interest in the identical lands was in controversy. The final de-

cree in the chancery suit, same being the former suit, was entered on the merits. It denied the prayer for relief on the part of Clara Gray, and in effect adjudicated the title to the lands in question to be in Frank Gray, the defendant in error here. In the case at bar, same being the action in ejectment, the parties are the same, though reversed in order, but it is upon a different claim or demand in that it was instituted by defendant in error to secure possession of that which was adjudged to be his in the former suit.

It is therefore our conclusion that the title to the lands involved was the primary issue in both these suits, and that the final decree in the former operates as an estoppel or bar to the defense offered by Clara Gray in the instant case, so the judgment below is affirmed.

BROWN, C. J., AND WHITFIELD, ELLIS AND STRUM, J. J., concur.

BUFORD, J., not participating.