C. F. BRUNDAGE, W. G. STANG and J. L. PAXSON, *Petitioners*, v. J. F. O'BERRY, JR., *Respondent*.

Opinion filed April 24, 1931.

*Benson, McGarry, Sullivan* and *John J. Lindsey*, for Petitioners;

*Ross Williams*, for Respondent.

MATHEWS, C.—Respondent O'Berry brought an action of replevin in the Civil Court of Record in and for Dade County, Florida, against C. F. Brundage for recovery of an automobile. Brundage gave a forthcoming bond and the automobile was redelivered to him.

A plea of not guilty was filed to the declaration and the cause was tried before the court without a jury resulting in judgment for defendant.

Motion for new trial was ·denied and writ of error was sued out to the circuit court. The record in the appellate

court contains a bill of exceptions certified to by the trial judge as containing all the evidence.

The circuit court reversed the judgment of the lower court and remanded the cause to the civil court of record with directions that

"judgment be entered in said cause in favor of the plaintiff and against the defendant, for the possession of the personal property replevied and rereplevied, and as against the defendant and the sureties of (on) his forthcoming bond, for the amount found to be due plaintiff, under the contract for the purchase price and sale of the property."

A writ of certiorari was applied for and issued by this Court addressed to the circuit court. A motion was made to quash the writ of certiorari.

Ordinarily the judgment of an inferior court will not be reviewed by this Court unless such judgment is a final adjudication of the cause. Hartford Accident & Indemnity Co. v. City of Thomasville, .... Fla. ...., 130 So. 7. But the decree of an intermediate appellate court which disposes of the controversy and leaves nothing further to be done in the trial court, except to carry the mandate of the intermediate court into execution is a final adjudication of the cause. 3 C.J. 585.

The writ of certiorari involves a limited review of the proceedings of an inferior court. Brinson v. Tharin, 99 Fla. 696, 127 So. 313.

Writ of certiorari lies to determine whether the inferior tribunal has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law, in cases where no direct appellate proceedings are provided by law. Brinson v, Tharin, supra; Crandall's Florida Common Law Practice, 652; 11 C. J. 92.

Petitioner contends the appellate court exceeded its

jurisdiction in directing that judgment be entered both for possession of the automobile and for the balance due the plaintiff. The judgment and mandate of the circuit court accords with Section 1, Chapter 9320, Laws of Florida, 1923, Sec. 5348, Compiled General Laws of Florida, 1927.

Petitioner also contends that the circuit court exceeded its jurisdiction in awarding attorney's fees. Neither the judgment of the circuit court nor its mandate to the civil court of record appear to include attorney's fees.

It is further contended that no property right is shown to have existed in the plaintiff at the time the action was brought.

In cases originating in the civil court of record which are appealed to the circuit court and which then come to this Court on certiorari to the circuit court, where the probative force of the evidence affects the jurisdiction of the Court, or where it is so manifestly contrary to the finding that is made on it as to show a palpable abuse of the power to determine the controverted facts on the evidence, or where the finding clearly indicates that the evidence was not duly considered or an erroneous rule of law was observed in making the finding, or where there was serious misconduct involved in the finding, and material injury to the petitioner resulted therefrom, the Court may in the exercise of its sound discretion consider such matters and take appropriate action thereon in order that the law and justice may prevail. Atlantic Coast Line R. R. Co. v. Florida Fine Fruit Co., 93 Fla. 161, 112 So. 66. See also Crandall's Florida Common Law Practice, 654; Haile v. Bullock, 83 Fla. 538, 542, 91 So. 683; American Ry. Express Co. v. Weatherford, 86 Fla. 626, 98 So. 820; Brinson v. Tharin, supra; Section 5167, Compiled General Laws of Florida, 1927.

The only evidence introduced by Brundage at the trial was the transcript of a proceeding in an action of replevin brought by Lee Johns in the Civil Court of Record of Dade County, Florida, against J. F. O'Berry, Jr., involving the same property, wherein Brundage intervened and Johns recovered judgment for the property and its value with right of election as provided by statute.

It is claimed the proceeding brought and maintained by Lee Johns in the civil court of record is res judicata and decisive of the cause upon appeal in the circuit court.

In order to make a matter res judicata, there must be the concurrence of the four conditions following: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and the parties to the action; (4) identity of the quality in the person for or against whom the claim is made. Yulee v. Canova, 11 Fla. 9; Virginia Carolina Chem. Co. v. Fisher, 58 Fla. 377, 50 So. 504; Prall v. Prall, 58 Fla. 496, 50 So. 867, 26 L. R. A. (N. S.) 577; Gray v. Gray, 91 Fla. 103, 107 So. 261. There is not a concurrence of the four necessary conditions for the judgment in the suit brought by Johns to be res judicata in the suit brought by O'Berry.

There is no conflict in the evidence and the judgment of the circuit court is amply supported by the evidence.

It is ordered that the writ of certiorari be, and the same is hereby, quashed.

PER CURIAM:—The motion to quash the writ of certiorari filed in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered and ordered by the Court that the writ of certiorari be, and the same is hereby, quashed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.