STATE *ex rel.* HENRY V. SBORDY v. WILLIAM M. ROWLETT, of Tampa, JULIUS C. DAVIS, of Quincy, B. A. CHAPMAN, of Jacksonville, JAMES E. CRUMP, of Winter Haven, S. G. HOLLINGSWORTH, of Bradenton, THOMAS W. HUTSON, of Miami, C. E. TUMLIN, of Miami, HAROLD D. VAN SCHAICK, of Jacksonville, and CARL A. WILLIAMS, of St. Petersburg.

190 So. 59
Opinion Filed May 30, 1939
Rehearing Denied July 11, 1939

332

*W. G. Ramseur,* for Relator;

*Erle B. Askew, Askew, Kierman & Milam* and *J. W. Prunty,* for Respondents.

CHAPMAN, J.—This is a case of original jurisdiction. On April 26, 1938, the State Board of Medical Examiners issued a summons directed to Henry V. Shordy (also known as Enrico V. Sbordi), of St. Petersburg, Florida, commanding that he show cause on June 13, 1938, why an order should not be entered revoking a license granted on April 6, 1915, by the Board of Eclectic Medical Examiners authorizing him to practice medicine in the State of Florida. The power to revoke, suspend or annul a license of a practitioner is vested in the Board of Medical Examiners and the grounds and procedure therefor are fully established. See Section 3415 C. G. L.

The summons, *supra,* issued on a complaint filed with the Board of Medical Examiners by Alvin J. Wood charged that Enrico V. Sbordi, on March 30, 1925, by means of fraud obtained a forged certificate purportedly issued by the Board of Eclectic Medical Examiners and is now unlawfully engaged in the practice of medicine in the State of Florida. The facts constituting fraud are, viz.: the certificate was procured by Sbordi through one Muench, a former Secretary of the Board of Eclectic Medical Examiners, who was indicted, tried, convicted, and sentenced to serve a term of years in the Federal penitentiary, and his conviction was based upon the charge of forging cer-

tificates in the name of the Board; that Muench obtained a blank certificate signed by Ham S. Hampton, M. D., a former President of the Board, and filled in said blank license so signed by writing the figure "8" in the proper place designated and ante-dating the same as of April 6, 1915, and then inserting therein the name of Enrico V. Sbordi. The said Muench obtained a license which had been duly issued to a licensed medical doctor as Certificate No. 8 and which was not issued to the said Sbordi, and the name of the medical doctor was erased from said certificate and the name of Enrico V. Sbordi inserted therein, and the same was by the said Muench delivered to Enrico V. Sbordi, who paid him therefor the sum of $2,000.00, and that the said Enrico V. Sbordi has never passed any examination or otherwise qualified himself to practice medicine in the State of Florida, and the Certificate No. 8 purportedly issued by the Board of Eclectic Examiners to Enrico V. Sbordi was unlawfully issued through the said Muench, and the certificate under which Enrico V. Sbordi is now engaged in the practice of medicine in Florida was obtained by fraud and is a forgery.

On petition for a writ of prohibition in this Court on the part of Henry V. Sbordy directed to and against the Board of Medical Examiners it is contended that the Board of Medical Examiners cannot, as a matter of law, proceed to hear such evidence as shall be offered by the respective parties under the petition and answer of the defendant thereto and make and enter such an order as the facts will justify as authorized by Section 3415 C. G. L., because: (a) On April 25, 1925, petitioner was tried on the charge of unlawfully practicing medicine without first having obtained and recorded a Certificate of Qualification from some authorized Board of Medical Examiners and was by

a jury acquitted of the charge; (b) on May 15, 1925, the petitioner was indicted by a grand jury of Pinellas County, Florida, for uttering and publishing a forged Certificate of Qualification or License to pursue the practice of medicine in the State of Florida and that the petitioner well knew the certificate to be false, forged and counterfeited; that the petitioner was placed on trial before a jury and the jury failed to agree upon a verdict and on motion of the State Attorney an order of *nolle-pros* on the indictment was entered by the trial court; (c)

" '1. That Enrico V. Sbordi, also known as Enrico V. Sbordy, also known as Henry V. Sbordy, of the County of Pinellas and State of Florida, in the State aforesaid, was guilty of fraud in the practice of medicine or fraud or deceit in his admission to the practice of medicine, in that the said Enrico V. Sbordi above referred to appears to hold Certificate No. 8 of the Board of Eclectic Examiners, dated April 6, 1915, which said certificate is fraudulent and improper, which fact is and has been well known to the said Enrico Sbordy, and which said fraudulent and improper certificate has been relied upon by the said Enrico V. Sbordi as authority to practice medicine in the State of Florida.

" '2. That Enrico V. Sbordi, also known as Enrico V. Sbordy, also known as Henry V. Sbordy, of the County of Pinellas and State of Florida, in the State aforesaid, was guilty of fraud in the practice of medicine, or fraud or deceit in his admission to the practice of medicine, in that the said Enrico V. Sbordi, above referred to, has never been and is not now a graduate of a legally incorporated medical college maintaining a standard satisfactory to the State Board of Medical Examiners of Florida, and the said Enrico V. Sbordi has represented on numerous occasions

while engaged in the practice of medicine in the aforesaid State that he was a graduate, and the said Enrico V. Sbordi does now represent while engaging in the practice of medicine in the aforesaid State that he is such a graduate.'"

(d) The right of the petitioner to practice medicine in the State of Florida was sustained by an order of the Circuit Court, Sixth Circuit in and for Pinellas County, Florida, when a quo warranto proceeding was instituted to test the right of the petitioner to practice medicine under the certificate, *supra,* and the court entered an order dismissing the suit and held that the Board of Medical Examiners of Florida had the exclusive jurisdiction to determine the point at issue.

It is contended that the acquittal by a jury of the petitioner in Pinellas County of the charge of unlawfully practicing medicine without having first obtained and recorded a Certificate of Qualification is in contemplation of law *res adjudicata* and estops the Board of Medical Examiners from proceeding on the charges preferred by Alvin J. Wood. The law is well settled that in order to make a matter *res adjudicata* the following must exist, viz.: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and the parties to the action; (4) identity of the quality in the person for or against whom the claim is made. See Brundage v. O'Berry, 101 Fla. 320, 134 So. 520; Gray v. Gray, 91 Fla. 103, 107 So. 261; Coral Realty Co. v. Peacock Holding Co., 103 Fla. 916, 138 So. 622; Yulee v. Canova, 11 Fla. 9, 56 Virginia-Carolina Chemical Co. v. Fisher, 58 Fla. 377, 57 So. 504.

The record shows that the petitioner was tried and acquitted on the charge of unlawfully practicing medicine

without first having obtained and recorded a Certificate of Qualification 'from some Board of Medical Examiners. The issue was between the State of Florida and the defendant Sbordy and the issue before the Board of Medical Examiners is to cancel or revoke a forged certificate to practice medicine obtained by fraud. Likewise this reasoning disposes of the indictment charging the petitioner with uttering and publishing as true a false and forged Certificate of Qualification or License to practice medicine.

. In many jurisdictions an action or proceedings to revoke a license is considered a civil rather than a criminal proceeding. It has been held that a trial and acquittal of a physician in a criminal court on the identical charges exhibited against him by a medical board is not a bar to an inquiry provided for by statute for the purpose of depriving a physician of the right to practice his profession. See 48 Corpus Juris, p. 1101, par. 73. The question here is whether or not the petitioner obtained a license to practice medicine in Florida by means of fraud. If fraud or forgery was committed by the petitioner in obtaining the license under which he practises his profession, then the Board of Medical Examiners by statute has the power to hear the evidence and determine this issue. If fraud and forgery are established on the part of the petitioner in obtaining the license here involved, such facts become material to his right or privilege to continue in the practice of medicine. If fraud or forgery cannot be established the same will redound to the petitioner's benefit. There is no merit to this contention. See 21 R. C. L., pages 361-62, par. 9.

It is next contended by counsel for the petitioner that because 'of the fact that certain charges were filed with the Board of Medical Examiners by O. O. Feaster on

May 3, 1935, and that this Court in the case of State
*ex rel.* Sbordy v. Rowlett, *et al.,* 125 Fla. 562, 170 So. 311,
issued a writ of prohibition inhibiting and restraining the
Board of Medical Examiners from proceeding to try re-
lator on the charges that Certificate No. 8 was false,
fraudulent and forged and the rule enunciated *supra* pre-
cludes a further inquiry into the charges that the certifi-
cate was false, fraudulent and forged, as made by Alvin
J. Wood.

The law is settled in Florida that charges filed with the
Board of Medical Examiners constituting grounds for re-
voking a license to practice medicine must be alleged with
reasonable certainty and show the nature and cause of the
accusation and he must be given reasonable opportunity
to defend against attempted proof of such charges. The
rule is that a statute authorizing a revocation of a license
must be strictly followed.

The two charges, *supra,* are taken from State *ex rel.*
Sbordy v. Rowlett and the court in holding that charge
numbered one was vague, indefinite and insufficient and
otherwise failed to meet the rule of "reasonable certainty
of the nature of the accusation," when the following lan-
guage was used:

" * * * paragraph numbered 1 of the charges herein-
above quoted, obviously fails to charge the Relator in such
fashion as to inform him, with reasonable certainty, of the
nature and cause of the accusation against him. In what
manner Relator had been guilty of fraud or deceit in his
admission and why it is that the certificate granted him is
fraudulent and improper, does not appear from such
charges so attempted to be made in said paragraph num-
bered 1, and in the absence of specific charges, such par-
agraph fails to charge the Relator with being guilty of any

acts which, under the provisions of the applicable statutes, constitute grounds for the revocation of his license."

Charge numbered 2 was held fatally defective by this Court when the following language was used:

"Paragraph numbered 2 of the charges against the Relator, above quoted, also fails to state with reasonable certainty wherein the Relator was guilty of any fraud in his admission except that he is charged with not being a graduate of a legally incorporated medical college, maintaining a standard satisfactory to the State Board of Medical Examiners of the State of Florida * * * If the Relator has been guilty of such acts as authorized the revocation of his right to practice, arising subsequent to the issuance of his license, or if the Relator was guilty of such fraud in obtaining such license as vitiated the validity thereof *ab initio,* he should be charged therewith clearly and with such reasonable certainty as to be given reasonable opportunity to defend against the attempted proof of such charges. Accordingly, the accusation contained in paragraph numbered 2 of said charges fails to legally charge the Relator with having committed any acts which, under the provisions of Section 3415, Revised General Statutes, 1927, constitute grounds for the revocation of his license."

We have examined the charge filed by Alvin J. Wood before the Board of Medical Examiners against Henry V. Sbordy in light of the rule enunciated in State, *ex rel.,* Sbordy v. Rowlett and find that the same is not subject to the vice as therein shown, but clearly complies with the rule. We cannot overlook the fact that the right to practice medicine is a valuable property right and must be protected under the Constitution and laws of Florida. Likewise, the preservation of the public health is one of the duties of sovereignty and in a conflict between the right of

a citizen to follow a profession and the right of a sovereignty to guard the health and welfare, it logically follows that the rights of the citizen to pursue his profession must yield to the power of the State to prescribe such restrictions and regulations as shall fully protect the people from ignorance, incapacity, deception and fraud. The Legislature delegated the authority to the Board of Medical Examiners to hear and determine the complaint now before us and we have not been cited with an authority or any substantial reasons advanced why the said Board of Medical Examiners should not proceed to hear and determine according to law the said complaint.

The entire record in this cause having been carefully considered, the briefs and authorities cited having been examined, and the Court now being advised as to its judgment, it is therefore ordered that the rule *nisi* in prohibition previously issued in this cause be and the same is hereby quashed and the said suit be and the same is hereby dismissed.

It is so ordered.

TERRELL, C. J., and WHITFIELD, BROWN and THOMAS, J. J., concur.

BUFORD, J., dissents.

BUFORD, J. (dissenting).—On March 21, 1925, criminal charges were preferred against relator herein alleging that he "did unlawfully practice medicine without first having obtained and recorded a certificate of qualification from some authorized board of medical examiners, as provided by law."

On March 30, 1925, relator herein filed for record his license, same being Certificate of Qualification No. 8, dated April 6, 1915, issued by the Board of Eclectic Medical Ex-

aminers of Florida. On April 27, 1925, a jury found the relator herein not guilty.

The grand jury in the Circuit Court of the Sixth Judicial Circuit of Florida, in and for Pinellas County, in the spring term thereof in 1925, returned an indictment against relator herein charging that he did publish and declare as true, a certain false and forged Certificate of Qualification or License to pursue the practice of medicine in the State of Florida, to-wit: Certificate of Qualification No. 8, issued by the Board of Eclectic Medical Examiners of Florida, on April 6, 1915. The jury trying the case failed to agree and afterward a mistrial was declared. Thereupon the state attorney moved the court to enter a *nolle prosequi* in said criminal case.

On May 27, 1927, the then existing Board of Medical Examiners preferred written charges against relator, which charges were, on June 11, 1927, dismissed by said board.

On May 3, 1935, certain charges against relator were instituted before the State Board of Medical Examiners of Florida by one O. O. Feaster, in words and figures as follows:

"1. That Enrico V. Sbordi, also known as Enrico V. Sbordy, also known as Henry V. Sbordy, of the County of Pinellas and State of Florida, in the State aforesaid, was guilty of fraud in the practice of medicine, or fraud or deceit in his admission to the practice of medicine, in that the said Enrico V. Sbordi above referred to appears to hold Certificate No. 8, of the Board of Eclectic Medical Examiners, dated April 6, 1915, which said certificate is fraudulent and improper which fact is and has been well known to the said Enrico Sbordy, and which said fraudulent and improper certificate has been relied upon and is

now being relied upon by the said Enrico V. Sbordi as authority to practice medicine in the State of Florida.

"2. That Enrico V. Sbordi, also known as Enrico V. Sbordy, also known as Henry V. Sbordy, of the County of Pinellas and State of Florida, in the State aforesaid was guilty of fraud in the practice of medicine, or fraud or deceit in his admission to the practice of medicine, in that the said Enrico V. Sbordi, above referred to has never been and is not now a graduate of a legally incorporated medical college maintaining a standard satisfactory to the State Board of Medical Examiners of Florida, and the said Enrico V. Sbordi has represented on numerous occasions while engaged in the practice of medicine in the aforesaid state that he was a graduate, and the said Enrico V. Sbordi does now represent while engaging in the practice of medicine in the aforesaid State that he is such a graduate."

On June 11, 1935, relator herein filed with this Court a petition for writ of prohibition upon which a rule *nisi* in prohibition was issued directed to the then acting members of the State Board of Medical Examiners. This Court, on January 15, 1936, awarded to relator a permanent writ of prohibition against said respondents, holding that paragraph numbered one of the charges obviously fails to charge the relator in such fashion as to inform him, with reasonable certainty, of the nature and cause of the accusation against him, and that the accusation contained in paragraph numbered two of said charges fails to legally charge the relator with having committed any acts which constitute grounds for the revocation of his license. State, *ex rel.,* Sbordy v. Rowlett, *et al.,* 125 Fla. 562, 170 So. 311.

On September 16, 1937, the Attorney General of the State of Florida instituted quo warranto proceedings against relator herein in the Circuit Court of the Sixth Ju-

dicial Circuit, in and for Pinellas County, Florida. A writ of quo warranto was issued directing relator herein to show cause by what right or warrant or authority of law he claims to exercise the rights and privileges granted and accorded to a doctor of medicine by the laws of the State of Florida. Upon motion the information and writ were quashed and said cause was dismissed, the circuit judge holding that quo warranto was not the proper remedy to test the right of a person to exercise the privilege of practicing medicine, but that the State Board of Medical Examiners of the State of Florida had exclusive jurisdiction.

Finally a summons was issued by the State Board of Medical Examiners directing relator herein to appear before said Board on Monday, June 13, 1938, to answer charges filed by one Alvin J. Wood. These charges read as follows:

"I, the undersigned, do hereby charge that Enrico V. Sbordi, also known as Henry V. Sbordy, a resident of the City of St. Petersburg, Pinellas County, Florida, is now, and has been for several years, illegally practicing medicine as defined by the statutes of Florida in such case made and provided, that these charges are made for the purpose of having the State Board of Medical Examiners revoke the license of the said Enrico V. Sbordi, for that the said Enrico V. Sbordi, did, on or about the 30th day of March, A. D. 1925, fraudulently procure a forged certificate which purported on its face to authorize him to practice medicine in the State of Florida and that the said Sbordi thereafter engaged in the practice of medicine upon the presumptive authority of said forged certificate, and is now practicing medicine upon said presumptive authority. In amplification of the accusation above made complainant specifies the

following acts constituting the fraudulent conduct of the said Sbordi as aforesaid, to-wit:

"That the said Sbordi claims the right and privilege of practicing medicine in Pinellas County, Florida, solely by virtue of a certain certificate, which purports upon its face to have been issued by the former Board of Eclectic Medical Examiners of Florida to the said Sbordi under date of April 6, 1915, being designated as Certificate No. 8; that said certificate was not issued to the said Sbordi by said Board but that said certificate is a fraudulent and forged certificate, which fact is, and has been at all times, known by the said Sbordi while he has been engaged in the prac-tice of medicine thereunder; that said certificate was pro-cured by the said Sbordi through the instrumentality of one Muench, a former secretary of said Board of Eclectic Medical Examiners, who was indicted, tried, convicted and sentenced to serve a term of years in the Federal penitentiary and who did serve a portion of said sentence pursuant to said conviction, which said conviction was based upon the accusation of forging certificates in the name of said Board; that said Muench by some means, unknown to complainant, obtained a blank certificate signed by Ham S. Hampton, M. D., a former president of said board, and filled in the said blank license so signed, by writing the figure 8 in the proper place designated for the certificate number, and antedating the same as of April 6, 1915, which is a date prior to the date on which said Eclectic Board of Medical Examiners was abolished by the enactment of Chapter 8415, Laws of Florida, 1921, and then inserting therein the name of the said Enrico V. Sbordi as the name of the person to whom said license was issued; or the said Muench procured a license, by some means unknown to complainant, which had been duly issued to a duly licensed

medical doctor as Certificate No. 8 and which was not issued to the said Sbordi, and erased the name of the real holder of said certificate and inserted the name of the said Sbordi therein, and thereupon, delivered said fraudulent certificate to the said Sbordi as his pretended authority to practice medicine; that the said Sbordi paid the said Muench the sum of approximately $2,000.00 for said fraudulent certificate; that said Sbordi has never passed any examination or otherwise qualified himself to practice medicine in this State, under either the Act of the Legislature approved May 4, 1889, or under Chapter 8415, Laws of Florida, 1921; that the fraudulent conduct of the said Sbordi was unknown to complainant or the public officials charged with the duty of enforcing the laws relating to the practice of medicine until a former proceeding was instituted against the said Sbordi less than three years ago.

WHEREFORE, complainant prays that the Honorable State Board of Medical Examiners of Florida may investigate the charges herein made, and if found to be true that the proper order be entered revoking the pretended license of the said Sbordi and that he be henceforth prohibited from practicing medicine in the State of Florida."

Prior to the date upon which such charges were to be heard, the relator applied to this court for a rule *nisi* in prohibition. On June 20, 1938, a rule *nisi* in prohibition was issued commanding said Board to show cause to this court why it should not be prohibited from further proceeding with said cause. The respondents filed their answer or return, to which the relator filed a motion to quash and also a motion for permanent writ of prohibition. The cause is now pending before this Court on the two motions last mentioned.

Section 15, Chapter 8415, Acts of 1921, Laws of Florida, under which the prosecution of 1925 in the County Court was instituted, provides for the punishment of any person guilty of practicing medicine in this State without complying with the provisions of said Act or any person violating the provisions of said Act. It also provides a more severe punishment for any person attempting to file as his own the certificate of another, or who shall give false or forged evidence to the Board in connection with an application for a license to practice medicine, or shall practice medicine under a false or assumed name, or shall falsely impersonate another practitioner.

With the exceptions specifically enumerated in the latter provision of Section 15, *supra,* any prosecution for practicing medicine under a license fraudulently or illegally obtained would have to be instituted under the former provision of said section. The information filed in the County Court on March 21, 1925, alleged that relator herein "did unlawfully practice medicine without first having obtained and recorded a certificate of qualifications from some authorized board of medical examiners, as provided by law." Under this information the penalty provided for in the first provision of Section 15, *supra,* was attempted to be imposed upon relator herein. The certificate of the Medical Board was filed March 30, 1925, and the trial commenced April 25, 1925. The certificate having been duly filed, it necessarily follows that the only issue before the jury was whether the certificate was illegally or fraudulently obtained. The jury, by its verdict of "not guilty," answered this question in the negative.

In the above proceeding the State of Florida was party plaintiff and relator herein was party defendant. The proceeding before the State Board of Medical Examiners now

in question is captioned as follows: "State Board of Medical Examiners of Florida v. Enrico V. Sbordi." It must be conceded that the State Board of Medical Examiners is a part of the executive branch of government of the State of Florida. Although it is true that a different instrumentality of the executive branch of the state is involved in the proceeding now before the Medical Board, the real party in interest is the State of Florida. The relator herein is party defendant and the issue once again is whether the certificate was fraudulently or illegally obtained.

A judgment on the merits is an absolute bar to a subsequent action upon the same demand, concluding parties and privies, not only as to matters offered and received to sustain or defeat the action, but as to any other admissible matter which might have been offered. Where the second action, between the same parties, is upon a different demand, the prior judgment operates as an estoppel only as to matters in issue, or points controverted, upon which such judgment was based. Cromwell v. Sac County, 94 U. S. 315, 24 L. Ed. 195; Prall v. Prall, 58 Fla. 496, 50 So. 867, 26 L. R. A. (N. S.) 577; Annotation in 88 A. L. R. 574.

In Outram v. Morewood (1803), 3 East. 346, 102 Eng. Rep. 630, the Court said.

"The Court very properly distinguished there between what operates by way of bar to a future recovery for the same thing, and what by way of estoppel. * * * And it is not the recovery, but the matter alleged by the party, and upon which the recovery proceeds, which creates the estoppel. The recovery of itself in an action of trespass is only a bar to the future recovery of damages for the same injury. but the estoppel precludes parties and privies from contending to the contrary of that point, or matter of fact, which having been once distinctly put in issue by them, or

by those to whom they are privy in estate or law, has been, on such issue joined, solemnly found against them."

The judgment of the County Court determined that relator herein was lawfully practicing medicine and had obtained and recorded a certificate of qualification from some authorized board of medical examiners as provided by law. By this judgment the status of the State of Florida and relator (that is, the question of whether relator was practicing under a certificate of the Medical Board which was properly issued) was determined by a court of competent jurisdiction. The State had instituted the proceeding as representative of the people and any judgment rendered therein would be just as binding and effective on the public as the State itself.

Public policy and the interest of litigants alike require that there be an end to litigation, and the peace and order of society demand that matter put in issue and determined by a court of competent jurisdiction as to parties and subject-matter shall not be retried between the same parties in any subsequent suit in any court. 15 R. C. L. 945; Hay v. Salisbury, 92 Fla. 446, 109 So. 617. Therefore we must hold that the State of Florida, as well as the public, are bound by the judgment of the County Court and for that reason the State is estopped from again questioning the status of relator herein.

In State, ex rel., Sbordy v. Rowlett, et al., 125 Fla. 562, 170 So. 311, this Court issued a permanent writ of prohibition inhibiting and restraining the State Board of Medical Examiners from preceeding to try relator on the charges preferred by O. O. Feaster that Certificate No. 8 under which relator was practicing medicine was false, fraudulent and forged. This Court held that such charges failed to charge the relator in such fashion as to inform him, with

reasonable certainty, of the nature and cause of the accusation against him.

Section 3415, Compiled General Laws, 1927, provides that proceedings for the revocation of a license shall be begun by filing written charges against the accused. These charges may be preferred by any person or the *Board of Medical Examiners may, on its own motion,* direct the executive officers of the Board to *prefer charges.* This, by clear implication, gives the Board the right to amend the specifications of charges that may be filed against any doctor in this State.

A petition for rehearing filed by the Board of Medical Examiners in State, *ex rel.,* Sbordy v. Rowlett, *et al., supra,* on October 12, 1936, alleged:

"These respondents are advised that specific charges will be made accusing the relator of having entered into collusion with a former Secretary of the Board of Eclectic Medical Examiners for the sale of a fraudulent certificate to practice medicine and that it will be contended that Certificate No. 8 claimed to be held by the relator is in fact a fraudulent certificate, having been purchased by the relator without ever having taken an examination or otherwise qualifying himself to practice medicine."

In both of the proceedings before the Board, the relator herein was party defendant, the State Board of Medical Examiners was party plaintiff, and the charges were that Certificate No. 8 was illegally or fraudulently issued. In the previous prohibition proceeding (State, *ex rel.,* Sbordy v. Rowlett, *et al.,* 125 Fla. 562, 170 So. 311), just as in the instant proceeding, the State Board of Medical Examiners was respondent, Henry V. Sbordy was relator, and the object was to inhibit or restrain the Board from proceeding to try the charge that Certificate No. 8 was

illegally or fraudulently issued. In the light of the assertion in the petition for rehearing above quoted we must reach the conclusion that the issue now before the Court could have been presented by way of an amended specification of charges in the previous proceeding.

The rule is well settled that a judgment on the merits, rendered in a former suit between the same parties or their privies, on the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which might with propriety have been litigated and determined in that action. Mabson v. Christ, 104 Fla. 606, 140 So. 671; Wade v. Clower, 94 Fla. 817, 114 So. 548; Jones v. Morgan, 59 Fla. 542, 52 So. 140; Boca Raton v. Moore, 122 Fla. 350, 165 So. 279.

So I think the return to the Rule *Nisi* in Prohibition is insufficient and the writ of Prohibition absolute should be awarded.