THOMAS, Justice.
Berrien Becks, guardian, and his ward, Louise Hewitt Porter, were successful in their suit in ejectment against Kathleen Porter Kany and her husband, Rudolph Kany, and the Kanys appealed.
We condense the facts as they are mirrored in the record. The property involved was owned by A. McF. Porter, who, joined by his wife, Louise Hewitt Porter, appellee, conveyed it to their children, Kathleen Porter Kany, appellant, and Richard O. Porter, reserving to the grantors a life estate and right of enjoyment and possession so long as either of them lived. Immediately afterward Richard O. Porter, and his wife, conveyed his interest to Kathleen Porter Kany, his sister, subject to the life estate of the parents. So Richard O. Porter is no longer interested except as heir apparent and with this status we are not now concerned. For about nine years after the conveyances A. McF. Porter and Louise Hewitt Porter lived on the property, then, 19 January 1953, Louise Hewitt Porter was declared incompetent and admitted to the Florida State Hospital and, 13 June 1953, A. McF. Porter died. Meanwhile the appellant, Kathleen Porter Kany, moved into the home and, intermittently, for periods from two weeks to five months cared for her mother or father, or both of them. This attention to the mother ended when the daughter took the mother to the asylum where the mother now is. The daughter continued to care for the father until his death.
The appellee, Berrien Becks, was appointed the mother’s guardian and in that capacity instituted the present suit. He was joined in the amended complaint by his ward. Sec. 744.61, Florida Statutes 1953, and F.S.A.
A motion for summary judgment was filed by the plaintiffs and such a motion was also filed by the defendants. The court denied the second and granted the first adjudging Louise Hewitt Porter owner of a life estate in the property, and Berrien Becks, as guardian, entitled to possession of it. He also entered judgment against Kathleen Porter Kany in the sum of $1,500 for “rents and proceeds” for the fifteen preceding months.
The appellants first challenge the propriety of that part of the judgment fixing the amount due for “rents and pro *845 ceeds,” probably intended to mean “profits,” claiming that in the absence of testimony on that subject there was no way the judge could have accurately arrived at the amount. Once the judge decided from the undisputed facts that the guardian was entitled to possession, the measure of the mesne profits recoverable was the “value of the use and occupation of the land” during the time the owner, or in this case the guardian of the owner, was wrongfully deprived of possession, Kester v. Bostwick, 153 Fla. 437, 15 So.2d 201. There was no admission of the amount of such damages and we are at a loss to understand whence came the information that formed a basis for this portion of the judgment, unless from some knowledge possessed by the judge and, of course, this method of establishing it cannot be approved as we held in Forbes v. Bushnell Steel Construction Company, Fla., 76 So.2d 268.
In most instances when motions for summary judgment are made by both parties-plaintiff and parties-defendant, the deduction that the case is properly determined in summary manner and that the losing party cannot well complain of that procedure, seems logical. Obviously that would not apply to the phase of this controversy relative to damages because the amount of them constituted a genuine issue of fact.
This part of the judgment is to us patently erroneous although we find no fault with the judge’s determination of the other issues by summary judgment. We will now proceed to a decision whether or not he decided them correctly.
 The appellants seem to take the position that the remainderman’s, Kathleen Porter Kany’s, title was “accelerated” by the misfortune of Louise Hewitt Porter in losing her mental health. They reason that since the use, possession and enjoyment of the property were reserved and Louise Hewitt Porter could not, because of her condition use, possess or enjoy the property the “fee title” held by Kathleen Porter Kany “was accelerated and hastened as of the date of the death of * * * A. McF. Porter * * * and * * * the right of possession did at such time merge with the remainder and fee title of * * * Kathleen P. Kany.” Logic and the statute, Sec. 744.51, Florida Statutes 1953, and F.S.A., refute the thought. A person sent to the state hospital is not to be considered as having died hence as having been divested of an interest in a life estate. Many such unfortunate persons are afterward declared to have recovered and thereupon regain their normal places in society. The very purpose of the law, Chapter 744, Florida Statutes 1953, and F.S.A., under which the appellee, Berrien Becks, was appointed guardian of the property of Louise Hewitt Porter is to preserve the property of the ward. Such was the duty of the guardian who is appellee here and it was in the performance of that duty that he started this litigation.
The appellants attached significance to the facts that the daughter went upon the property at the request of her ailing parents to minister to them and made some improvements while there. We find in these actions, praiseworthy as they were and doubtless prompted by natural affection, nothing which would justify the construction that possession of the property was being surrendered or that the interest of the mother in the property was being disturbed. We do not interpret any of the acts of the daughter or of the parents as Having any influence on the state of the title conveyed and established by deed.
In accordance with 30 F.S.A., Common Law Rule 43(d) we direct that the cause be remanded for the purpose of determining the period during which Kathleen Porter Kany was liable for the use and occupancy of the land and the value of that use and occupancy, Manning v. Clark, Fla., 71 So.2d 508. Otherwise the summary judgment is affirmed.
Affirmed in part and reversed in part.
DREW, C. J., and ROBERTS' and O’CONNELL, JJ., concur.