133 So.2d 91 (1961)
Gerald G. MATTHEWS, Appellant,
v.
Olive M. MATTHEWS, Appellee.
No. 1874.
District Court of Appeal of Florida. Second District.
August 2, 1961.
Rehearing Denied October 5, 1961.
*92 Davis & Stansbury, St. Petersburg, for appellant.
Mann, Harrison, Mann & Rowe, St. Petersburg, for appellee.
SEBRING, Associate Judge.
Gerald G. Matthews, the plaintiff below, has appealed from a summary judgment entered in favor of the defendant, Olive M. Matthews. The facts material to a decision are as follows.
In 1955 the plaintiff filed a suit in equity, in the Circuit Court of Pinellas County, against his sister, Olive Matthews, his brother, William Matthews, and others, individually and as trustees of the Alliance Investment Corporation, a corporation. In the complaint, the plaintiff alleged, among other things, that for a long period of time prior to 1955 he had contributed various personal services and real and personal properties to the corporation in consideration of a contract or agreement with Olive Matthews, an officer and director of the corporation, and one Frank Pulver, who had a secret interest in the corporation, for a one-fourth interest in the corporation and its assets; that prior to the institution of the suit, the defendant, Olive Matthews (who, through the years, had acquired practically all of the shares of the corporation) so managed, controlled and operated the corporation that it became and was her alter ego; that without notice to the plaintiff, the corporation, through the defendant, Olive Matthews, continuously and systematically transferred the real and personal assets out of the corporation to defendant's own use and benefit; and, that after these assets had been transferred, the defendant, without notice to the plaintiff, caused the corporation to be dissolved.
The plaintiff prayed in the complaint that his contract or agreement with defendant, Olive Matthews, under which he was to acquire a one-fourth interest in the assets of the corporation, be recognized and enforced; that he have an accounting; that a constructive trust be declared; that there be a cancellation of the dissolution of the corporation; that a receiver be appointed; and that he be granted "such further and different relief" as might seem just.
In due course the defendants filed answers denying the material allegations of the complaint, and the cause was set down before the court for a trial on the merits. Subsequently, after evidence had been submitted by the plaintiff, but before evidence had been offered by the defendants, the trial court, on motion of the defendants, entered its final decree on January 28, 1957, finding and decreeing that "the equities in said cause are with the defendants * * * *93 and against the plaintiff * * * that the complaint and any and all amended complaints and any amendments to the complaint are * * * hereby dismissed with prejudice; and that any claim or cross-claim * * * contained in any answer or amended answer filed by the defendant, William H. Matthews, be and the same are hereby dismissed with prejudice."
No appeal was ever taken from the decree and, therefore, the decree became a valid and binding final decree on the merits against the plaintiff, Gerald Matthews, and the cross-claimant, William H. Matthews.
After the time for appeal had expired, William Matthews, a defendant and cross-claimant in the equity suit, instituted a suit in the federal district court against Olive Matthews, upon the same cause of action or claim he had set up in his cross-claim in the state court suit; and in due course, the federal district court rejected the claim as against a defense of res judicata. On appeal, the ruling of the lower court was affirmed.[1]
On October 2, 1957, Gerald Matthews, the plaintiff in the state equity suit, filed the present action at law, in the Circuit Court for Pinellas County, naming his sister, Olive Matthews, as defendant. The facts alleged in his complaint, and amended complaint in the common law suit, were, for all practical purposes, identical with those alleged in his 1955 equity suit, except that the complaint was replete with conclusions of law from which the plaintiff attempted to make a case for recovery against the defendant for the tort of deceit, for relief in assumpsit upon quantum meruit and quantum valebant, and for compensatory and punitive damages.
After various motions to the complaint and amended complaint had been filed and ruled on, the defendant filed her defenses, among which were the defense of res judicata by reason of the entry of the final decree against the plaintiff in the 1955 state court equity suit, and the defense of election of remedies by reason of the fact that when plaintiff commenced his equity suit in 1955 for the establishment of a trust, for cancellation, for receivership, and for general relief, he thereby elected, "with knowledge of all the requisite and appropriate facts and circumstances * * * to pursue at that time his chosen remedy, and * * * is now barred by the doctrine of election of remedies as to this present action founded upon a different and inconsistent status or relation to the subject matter thereof * * * that such election by plaintiff was and is conclusive, and * * * [plaintiff] is now barred and estopped under the aforesaid doctrine from pursuing this present cause of action."
At a later date, the defendant filed a motion for summary judgment upon the complaint and answer, upon the ground that there were no genuine issues of any material facts relating to defendant's defenses set forth in the answer and that, consequently, "the matters and things of which plaintiff complains * * * are either res judicata or, in the alternative, that plaintiff has previously elected to pursue his chosen remedy and is now barred by the doctrine of election of remedies."
After a hearing on the motion, the trial judge entered a summary final judgment on both defenses contained in the answer, and this appeal followed. The matter is now before us for decision on the question whether or not the trial court ruled correctly in rendering the summary judgment in favor of the defendant on the defenses of res judicata and election of remedies. No question of "estoppel by judgment" is involved, since this defense was neither pleaded nor proved.
Under the doctrine of res judicata, a final judgment or decree will bar a subsequent suit between the same parties based upon the same cause of action and *94 will be conclusive as to all matters germane thereto that were or could have been raised in the suit.[2] To bring the doctrine of res judicata into valid play, there must be: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions; and (4) identity of the quality or capacity of the person for or against whom the claim is made.[3] If these conditions do not concur, the doctrine of res judicata is not applicable.[4]
For there to be "identity of cause of action," within the meaning of the doctrine, the degree of proof required in the second suit must be at least as great as that required to support recovery in the first suit. If the degree of proof required in the first suit is greater than that required in the second, the cause of action cannot be held to be the same.[5]
The fact that the matters pleaded in the 1955 equity suit and in the present common law action were identical, does not, in and of itself, establish "identity of cause of action"  an indispensable element under the doctrine of res judicata  for the following reason. In the equity suit, it was necessary for the plaintiff to prove the allegations of his complaint by at least "clear and convincing evidence." Parenthetically, some fraud-based equity situations require an even higher degree of proof.[6] As contrasted with this, the classic tort of deceit at common law, requires proof by only a "preponderance of the evidence." Compare Upchurch v. Mizell, 1905, 50 Fla. 456, 40 So. 29, with authorities cited in footnote 6, supra. And the burden imposed upon a plaintiff in a common law action based upon a quantum meruit  quantum valebant theory is that he prove his claim by only a preponderance of the evidence.[7] *95 Hence, it follows that the defense of res judicata must fail in the instant case for want of "identity of cause of action" because of the difference in the degree of proof required in the equity and common law cases.
As to whether or not the summary judgment in favor of the defendant was validly entered on the theory of election of remedies, we have the view that what is said in the case of American Process Co. v. Florida White Pressed Brick Co., 1908, 56 Fla. 116, 47 So. 942, 944, is controlling:
"If the allegations of facts necessary to support one remedy are substantially inconsistent with those necessary to support the other, then the adoption of one remedy waives the right to the other. A party will not be permitted to enforce wholly inconsistent demands respecting the same right[s]. It is not permissible to both approbate and reprobate in asserting the same right in the courts * * * Where the law affords several distinct, but not inconsistent, remedies for the enforcement of a right, the mere election or choice to pursue one of such remedies does not operate as a waiver of the right to pursue the other remedies. In order to operate as a waiver or estoppel, the election must be between coexistent and inconsistent remedies * * * If more than one remedy exists, but they are not inconsistent, only a full satisfaction of the right asserted will estop the plaintiff from pursuing other consistent remedies. All consistent remedies may in general be pursued concurrently even to final adjudication; but the satisfaction of the claim by one remedy puts an end to the other remedies. If in fact or in law only one remedy exists, and a mistaken remedy is pursued, the proper remedy is not thereby waived * * *"[8] (Emphasis supplied.)
In our opinion, the failure of the plaintiff to establish, by the required degree of proof, his right to equitable relief in the equity suit, and, as supplemental thereto, his right to recover money damages, necessarily overcomes the charge on the part of the defendant in the present suit of any inconsistent factual position by the plaintiff sufficient to raise the bar of election of remedies against the plaintiff; because, as we have stated, in order for the doctrine of election of remedies to apply two remedies, each inconsistent with the other, must exist and be actually available.[9]
The defendant has made some suggestion in her brief that the plaintiff ought to be precluded from maintaining his present action at law, because the equity court took jurisdiction of the cause in the equity suit and could have granted the plaintiff's claim for money judgment, under the prayer for general relief, even though the proofs submitted were not of sufficient degree to authorize recovery on the equitable demand.
We find no merit in this suggestion. While the prevailing rule in Florida is that when a court of equity once obtains jurisdiction of a cause it will ordinarily retain the cause for all purposes and administer complete relief, the rule is subject to the condition that before a court of equity will grant relief which can be obtained in a suit at law, there must exist some substantial ground of equitable jurisdiction which is both alleged and proven.[10] In the equity *96 suit the plaintiff failed to prove his right to any equitable relief by the degree of proof required and, therefore, there could have been no valid basis for the allowance of relief on his purely legal demand.
Because the defendant failed to establish her right to a summary judgment on the two defenses asserted, and hence the judgment appealed from must be reversed and the cause remanded for further proceedings in accordance with law, we think the following observations may be helpful to the parties in such further steps as they may take in the cause.
In the present case, the defendant attached to her answer a true and correct copy of the final decree rendered in the equity suit. However, as appears from the final summary judgment from which the appeal is taken, the trial judge did not rest his ruling solely upon what was disclosed by the copy of the final decree but, on his own motion and without notice to the parties, examined the transcript of the testimony in the 1955 equity suit and based his summary judgment largely on what he found in the transcript.
While it is settled that a court of record may take judicial notice of its own records, the rule has been declared in this state that a court in deciding one case should not undertake judicial notice of what may be contained in the record of another and distinct case, unless the record is brought to the attention of the court by being made a part of the record in the case under consideration. As the matter is stated in Atlas Land Corporation v. Norman, 1934, 116 Fla. 800, 156 So. 885, 886:
"The circuit court, whether sitting as a court of law or as a court of equity, is a court of record. As such, its judgments or decrees are to be supported, as well as tested, by what its record in the particular case may show, not by what its records at large may disclose. This is necessarily so because, if the rule were otherwise, the correctness of a particular judgment or decree when brought in question on an appeal to an appellate court might be made to depend on some secret knowledge of the judge or chancellor which, as to the parties on the appeal, might amount to a matter in pais in so far as the record of the cause being considered on the appeal is concerned * * *
"Cases must be made up before the court of first instance, and the facts upon which they are based brought up properly in the record * * * otherwise a right might be affected by a record previously covered by the dust of the ages, instead of having the controversy respecting it determined upon the record made up in the court of first instance in order to arrive at the judgment or decree being appealed from * * * A court should not be required or permitted to browse amongst its own records with the view of relieving litigants from trouble and expense, where the object of the inquiry is to arrive at its own particular judgment in whole or in part on an extraneous record not introduced into the record of the case being considered, nor made a part of the record of the pending case by some positive reference to it set forth in an affirmative order of the judge designed to incorporate by reference such extraneous record before the court as a part of its own records in the case being heard * * *
"The court in which a cause is pending will take judicial notice of all its *97 own records in such cause and of the proceedings relating thereto. But orders and other proceedings which do not properly belong to the record of a case being considered by a court must be proved or in some way directly brought into the record of the pending case by some order of the court referring to and adopting the outside records or proceedings as part of its own record, in order that an appellate court may, in the event of an appeal, know the exact nature, character, scope, and extent of the matters upon which the court below arrived at the decision appealed from and carried on the record to the appellate court * *"
Because the trial judge did not follow in the present case, the procedure outlined in the Atlas Land Corporation case, what he did amounted, in effect, to rendering judgment upon private extrajudicial knowledge without record evidence  a method which is not allowable.[11] Though the procedure followed by the trial judge manifests an earnest desire to do full justice in a complicated case, his zeal and energy in this regard cannot supply essential procedures omitted by the interested party whose duty it was to bring the record to the judicial notice of the trial judge in the manner required by law.
It should be collaterally noted that the conclusions we reach herein do not conflict with any holding in Matthews v. Wolvin, 5 Cir., 1959, 266 F.2d 722, mentioned earlier. In that case the cross-claimant in the state equity suit filed in the federal court precisely the same claim he had pleaded, without success, in the 1955 state equity suit  and on that claim the federal court properly held that the claim was barred under the doctrine of res judicata. This was not what was done by the plaintiff in the equity suit when he filed his present common law action, because, instead of refiling in the subsequent common law suit the claim urged by him in the prior equity suit, the plaintiff merely used the facts alleged in the equity suit to support a later action at law which required a lesser degree of proof.
The judgment appealed from should be reversed and the cause should be remanded for further proceedings in accordance with law.
It is so ordered.
SHANNON, C.J., and ALLEN, J., concur.
NOTES
[1] See Matthews v. Wolvin, 5 Cir., 1959, 266 F.2d 722.
[2] Gordon v. Gordon, Fla. 1952, 59 So.2d 40, certiorari denied 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680.
[3] Yulee v. Canova, 1864-1865, 11 Fla. 9, 56; Virginia-Carolina Chemical Co. v. Fisher, 1909, 58 Fla. 377, 50 So. 504; Gray v. Gray, 1926, 91 Fla. 103, 107 So. 261; Brundage v. O'Berry, 1931, 101 Fla. 320, 134 So. 520; Coral Realty Co. v. Peacock Holding Co., 1931, 103 Fla. 916, 138 So. 622; Lake Regent Hotel Co. v. Gollick, 1933, 111 Fla. 64, 149 So. 205; McGregor v. Provident Trust Co., 1935, 119 Fla. 718, 162 So. 323; State ex rel. Sbordy v. Rowlett, 1939, 138 Fla. 330, 190 So. 59, 123 A.L.R. 769; State v. Dubose, 1943, 152 Fla. 304, 11 So.2d 477; City of Miami Beach v. Miami Beach Improvement Co., 1943, 153 Fla. 107, 14 So.2d 172; Donahue v. Davis, Fla. 1953, 68 So.2d 163; Martin v. Arrow Cabs, Inc., Fla.App. 1958, 107 So.2d 394.
[4] American Process Co. v. Florida White Pressed Brick Co., 1908, 56 Fla. 116, 47 So. 942; Brundage v. O'Berry, 1931, 101 Fla. 320, 134 So. 520; Shearn v. Orlando Funeral Home, Inc., Fla. 1956, 88 So.2d 591.
[5] Gordon v. Gordon, Fla. 1952, 59 So.2d 40, certiorari denied 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680.
[6] Fraud in equity must be established by "clear and convincing" evidence. See Tischler v. Robinson, 1920, 79 Fla. 638, 84 So. 914; Buscher v. Mangan, Fla. 1952, 59 So.2d 745; Middleton v. Plantation Homes, Fla. 1954, 71 So.2d 503; McGill v. Boulevard & Bay Land & Dev. Co., 1930, 100 Fla. 906, 130 So. 460; Meyerson v. Boyce, Fla.App. 1957, 97 So.2d 488.

"Must be clearly proven," Florida Bank & Trust Co. v. Yaffey, 1931, 102 Fla. 723, 136 So. 399, 402; Lafferty v. Detwiler, 1944, 155 Fla. 95, 20 So.2d 338.
"* * * a preponderance of the evidence is not sufficient, but it should be clear and convincing." Bell Corp. v. Bahama Bar & Restaurant, Inc., Fla. 1954, 74 So.2d 292, 294.
"* * * very clear and convincing evidence." Barnes v. Willis, 1913, 65 Fla. 363, 61 So. 828, 829.
"* * * the clearest proof * * *." Dova v. Hancock, 1924, 88 Fla. 503, 102 So. 646, 648.
"* * * should be not only clear, positive, unequivocal and convincing but should be of a conclusive, or well nigh conclusive character." Biscayne Blvd. Properties, Inc. v. Graham, Fla. 1953, 65 So.2d 858, 859; Graessle v. Shultz, Fla. 1956, 90 So.2d 37.
[7] Bromer v. Florida Power & Light Co., Fla. 1950, 45 So.2d 658, 13 A.L.R.2d 1227.
[8] See "Election of Remedies, a Criticism," 26 Harvard Law Review 707, particularly pp. 716 through 719, for application of the doctrine at common law.
[9] Perry v. Benson, Fla. 1957, 94 So.2d 819; Meerdink v. American Insurance Company, 1939, 137 Fla. 587, 188 So. 764; Gibson v. American Ins. Co., 1941, 146 Fla. 171, 200 So. 357.
[10] Levitt v. Axelson, 1931, 102 Fla. 233, 135 So. 553; Mortgage Investment Foundation v. Eller, Fla. 1957, 93 So.2d 868: International Hod Carriers', etc. v. Heftler Construction Co., Fla.App. 1959, 116 So.2d 30, at page 34, on Petition for Rehearing. The record shows that the plaintiff was unable, in the equity suit, to prove his right to equitable relief by the degree of proof required, and hence, his equity suit was dismissed with prejudice. In these circumstances, the chancery court had no authority, under the above stated rule, to grant a purely legal demand, under the general prayer of the complaint.
[11] Kany v. Becks, Fla. 1956, 85 So.2d 843.