## TAYLOR, et ux v. KNIGHT.
### No. 70-801.
Circuit Court, Leon County.

September 11, 1970.

J. Ben Watkins of Truett & Watkins, Tallahassee, for plaintiffs.

W. K. Whitfield, Tallahassee, for defendant.

GUYTE P. McCORD, Jr., Circuit Judge.

*Order granting plea in abatement and dismissing cause:* This cause came on for hearing on defendant's plea in abatement and upon consideration of said plea and the arguments of counsel thereon, the court now being advised in the premises finds as follows —

This is a negligence action brought by the same plaintiffs against the same defendant as was a previous negligence action brought in this court — Cleo Taylor and Eddie Taylor, Jr., her husband v.

Lizzie March Knight, et al., Leon County civil action no. 69-52. The court takes judicial notice of the file in said previous suit. The two cases arose out of the same automobile accident and the same relief was sought by plaintiffs against defendant in case no. 69-52 as is sought by plaintiffs against defendant here. Plaintiff, Cleo Taylor, was a passenger in an automobile owned and operated by defendant and both suits are for personal injuries received by plaintiff, Cleo Taylor, in the automobile accident. In case no. 69-52 plaintiffs sued said defendant under the guest passenger statute (§320.59, Florida Statutes) alleging said defendant was guilty of gross negligence. The suit resulted in a directed verdict for defendant. The judgment was appealed to the First District Court of Appeal, was affirmed and petition for rehearing was subsequently denied. The only difference in the present negligence action and the previous one is that here plaintiffs have alleged that "plantiff Cleo Taylor and defendant were on a joint venture involving transportation in a car pool wherein there had been agreement to enter into and participate in the car pool for mutually beneficial purposes, and each party had equal authority concerning such transportation." If proved such would require that the evidence show only simple negligence of defendant rather than gross negligence as was necessary in the previous suit.

Defendant by her plea in abatement contends this suit is barred by the doctrines of res judicata and estoppel by judgment. While these are affirmative defenses which a defendant normally may not avail himself of until they are plead in his answer, the parties did not raise that question in their argument and the court, therefore, considers plaintiffs have consented to a determination of these matters on this plea in abatement. Defendant's plea also contends the present suit is an attempt to split a cause of action without the consent of the defendant.

Plaintiffs in this present suit rely upon Matthews v. Matthews, 133 So.2d 91 (Fla. App. 2nd District), in support of their position. There the court allowed a second suit in a *common law action* based upon deceit to stand upon a plea of res judicata after summary judgment had been entered against plaintiff in a previous *equity* suit brought by the same plaintiff against the same defendant and based upon fraud. The court there stated —

> "Under the doctrine of res judicata, a final judgment or decree will bar a subsequent suit between the same parties based upon the same cause of action and will be conclusive as to all matters germane thereto that were or could have been raised in the suit. To bring the doctrine of res judicata into valid play, there must be: (1) identity in the thing

sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions; and (4) identity of the quality or capacity of the person for or against whom the claim is made. If these conditions do not concur, the doctrine of res judicata is not applicable."

The court then went on to state a test to be applied to determine "identity of the cause of action" as follows —

"For there to be 'identity of cause of action,' within the meaning of the doctrine, the degree of proof required in the second suit must be at least as great as that required to support recovery in the first suit. If the degree of proof required in the first suit is greater than that required in the second, the cause of action cannot be held to be the same."

The authority cited by the Second District Court of Appeal for the foregoing test is the Supreme Court opinion in Gordon v. Gordon, 59 So.2d 40. That was a divorce case in which the defense of res judicata was plead in reliance upon a previous final judgment in a divorce case between the parties in a foreign state. In *Gordon,* the Supreme Court stated the above quoted test was the proper one to apply *in a divorce action.* The Second District Court of Appeal in *Matthews* applied this divorce action test as aforesaid in the civil action of deceit following final judgment in the equity suit based on fraud. I have not found that this particular test has yet been applied to successive tort suits between the same parties based upon the same tort. A divorce action is not analogous to an automobile accident tort action. As the Supreme Court pointed out in *Prall v. Prall,* 50 So. 867, an early divorce case which discussed the doctrine of res judicata —

"While the welfare of society demands exemption from unnecessary and vexatious divorce litigation, the principles of res adjudicata should not be so applied as to prevent one determination of every distinct cause of action under the statutes authorizing divorces for specific and separate species of misconduct."

In *Gordon,* the Supreme Court after referring to the above mentioned (divorce action) test went on to define "identity of the cause of action" as follows —

"In connection with res adjudicata we stated in Bagwell v. Bagwell, supra, 'the test of the identity of the causes of action, for the purpose of determining the question of res adjudicata, is the *identity of the facts essential* to the maintenance of the actions.' " (Italics added.)

The Supreme Court in that opinion also pointed out —

"The difference which exists between res adjudicata and estoppel by judgment is that under res adjudicata a final decree or judgment bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were *or could have been raised,* while the principle of estoppel by judgment is applicable where the two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issues — that is to say points and questions — common to both causes of action and which were actually adjudicated in the prior litigation." (Italics added.)

Further clarifying the matter the Supreme Court said —

"The test with reference to res adjudicata or estoppel by judgment is, and should be, whether the evidence in both cases is in essence the same albeit under estoppel by judgment it must be determined that 'every point and question' presented in the second was actually litigated and decided in the first."

In the case at bar the plaintiffs and defendant are the same as in the previous case. The accident is the same. The relief sought is the same. The alleged tort is the same. The identity of the facts are the same. The issue of joint venture could have been raised in the first suit, thereby reducing the degree of defendant's negligence required for plaintiffs' recovery from gross to simple negligence. There is only one set of facts as to the circumstances of this alleged tort. The evidence in both suits would be in essence the same and negligence of defendant, if any, — simple or gross — would be governed by that evidence. If a tort has been committed on plaintiffs by defendant it is only one *tort* — one cause of action between these parties growing out of this one tort.

The Supreme Court in Mims v. Reid, 98 So.2d 498, quoting from Florida Jurisprudence, stated that the rule against splitting causes of action is closely related to the doctrine of res judicata in that the rule is founded on the plainest and most substantial justice — namely, that litigation should have an end, and that no person should be unnecessarily harassed with a multiplicity of suits. The Second Court of Appeal in Easton v. Weir, 167 So.2d 245, quoting from *Mims* stated as follows —

"Florida courts have held that *a single wrongful act gives rise to a single cause of action,* and that the various injuries

resulting from it are merely items of damage arising from the same wrong." (Italics added.)

It is the court's opinion that this suit is barred by the doctrine of res judicata.

In consideration thereof, it is ordered and adjudged that defendant's plea in abatement be and it is granted and this cause be and it is dismissed with prejudice.