## KESSLER v. McGLONE, et al.

Circuit Court, Dade County.
November 30, 1950.

———•———

William O. Mehrtens of Evans, Mershon, Sawyer, Johnston & Simmons, Miami, Donald Walker, Orlando, and Marcus Borchardt, Washington, D. C., for plaintiff.

Kunkel & White, Miami, for defendants.

STANLEY MILLEDGE, Circuit Judge.

This cause came on for hearing on the plaintiff's motion for a final decree on his bill of complaint, the defendants' answers, the testimony and evidence of the parties, the report of the special master and the exceptions of certain of the defendants, and the court having heard argument of counsel and being fully advised in the premises, it is, upon consideration, ordered, adjudged and decreed that:

The court has jurisdiction of the subject matter and of all the parties hereto.

The plaintiff has sustained his bill of complaint by proper

evidence, the defendants have failed to sustain their answer by competent evidence, and the equities of this case are with the plaintiff.

The report of the special master filed herein and the findings of fact and conclusions of law stated therein are each and every ratified, approved and confirmed, and the report is hereby made the court's report, order and decree. Its findings and conclusions are by express reference thereto made a part of this decree by reference thereto as if the same were fully set forth herein.

The special master, Honorable Grady C. Harris, is allowed the sum of $1,000 which the court finds to be a reasonable fee for his services herein.

The decree of divorce dated July 17, 1946 and recorded in chancery book 777 at page 75 of this court, which decree was entered in the case of Rose M. Kessler v. Oliver V. Kessler, Dade County circuit court chancery no. 100363, is null and void and without force, authority and effect because the domiciles of the parties thereto were without the state of Florida when that case was instituted and that divorce decree was entered, and because said divorce decree was entered when said court had no jurisdiction of the subject matter thereof or of the parties to that cause, and because Rose M. Kessler, the plaintiff therein, knew when she made the affidavit dated May 10, 1946 which is attached to the bill of complaint in that case to the effect that "after diligent search and inquiry, the residence of the defendant, as particularly as is known to the affiant, is Washington, D. C." was untrue.

This court has the right to determine whether judgments or decrees which have been entered by it on constructive service were validly entered and the right of this court to determine whether or not its own jurisdiction has been properly invoked and exercised cannot be barred by what has been determined by the courts of any other state, even in a proceeding between the same parties.

This court retains at all times jurisdiction to entertain a bill or other proceeding making a direct attack upon the validity of a decree entered by it, so whatever may have been decided in some other state in a collateral proceeding, whether betweeen the same parties or not, constitutes no bar to a proceeding in this court in which this court is called upon to determine for

itself its own jurisdiction and the regularity of its own judgments or decrees.

The costs of this action, including the special master's fee, the $214.75 reporter's fee, the $7.50 clerk's filing fee and $24.32 for publication of constructive service, totaling $1,246.57, together with any other costs lawfully incurred by the plaintiff, are taxed against the defendants, Fauquier National Bank, as administrator c. t. a. of the estate of Rose M. Kessler, deceased, Thomas F. McGlone, Jr., individually and as executor of the estate of Thomas F. McGlone, Sr., Robert McGlone, Edward B. McGlone, Mabel McGlone and Agnes Keane, jointly and severally.