## ASTOR v. ASTOR.

Circuit Court, Dade County.

April 1, 1955.

Robert H. Anderson and William C. Steel, Anderson, Scott, McCarthy & Preston, Miami, for plaintiff.

Charles M. Moon and W. F. Parker, both of Miami, George F. Lewis, Jr., New York City, of counsel, for defendant.

VINCENT C. GIBLIN, Circuit Judge.

The pleadings, the evidence submitted at the trial and the arguments of counsel have been carefully considered.

My decision was announced orally at the conclusion of the arguments.

I was and am convinced that the plaintiff is a scheming, conniving and lying girl who is motivated and dominated by a greed for money. She has resorted to tactics which in recent years have been frequently employed by "gold-diggers" to coerce wealthy husbands into submission to extortionate financial demands or to prejudice naive judges against unsubmissive spouses. I give no credence

whatever to her testimony as to the abnormal sexual tendencies and habits of the defendant.

My evaluation of her character and of her testimony concerning her husband's bedroom activities is based largely on what will not be reflected by the cold typed transcript of the testimony (although I think that even the unsophisticated reader can readily detect its unreasonableness and its falsity). I observed the plaintiff and her manner and demeanor as she testified before me. Her insincerity as she spewed fabricated filth was obvious. My common sense and my experience in human affairs impels me to reject as utterly unworthy of belief her despicable narration of imagined incidents which she said had occurred in the privacy of staterooms and hotel suites during the honeymoon.

Nevertheless, because of the defendant's corroborative admissions, I have found, despite my rejection of much of the plaintiff's testimony, enough truth in the evidence to warrant the conclusion that the separation of the parties immediately following a six

weeks honeymoon in Europe was attributable to his unwillingness to live with her; and that she is living separate and apart from him through his fault. I do not believe that she intended or desired such an early termination of the marital relationship. He, however, as he admits, decided, even before the honeymoon ended, that the marriage was a mistake; and he evidenced and expressed a hatred for the plaintiff and her family. He insisted that she return, without him, to the United States; but she, understandably, deferred the separation until the ship on which they returned had docked in New York harbor.

The defendant, asserting that he has not been divorced from a former wife because the decree of a Mexican court sought and obtained by him is void, contends that the parties are not husband and wife. The contention, in my opinion, is not tenable. It is my view that he cannot question the validity of the Mexican decree because he not only sought and procured it, but took advantage of it by remarrying.

The defendant's counterclaim for a divorce is dismissed for the reason that it has not been proved, by a preponderance of evidence, that he is a bona fide resident of the state of Florida. Even if there were no jurisdictional impediment, there is no preponderant proof of his charge of extreme cruelty.

The parties ought to be divorced, but she has not sought a dissolution of the marital bonds; and he has proved neither the right to sue for a divorce nor the grounds on which to predicate a prayer for such relief. The court, therefore, does not have the jurisdictional power to sever the marital ties.

The husband's obligation to support his wife remains. His assumption of the obligation by marrying her was his mistake and not mine; and he should pay the penalty for his aberration.

In determining the amount which he shall be required to pay for her support, I have not had to cope with any issue as to his ability to pay. He is a very wealthy man. The problem has been

to decide what amount will supply her needs. Her counsel argued that the husband should be required to furnish her enough money to enable her to maintain "the station and condition in life to which she had become accustomed" before the separation. The parties lived together only six weeks. They spent this time in journeying about Europe on their honeymoon. Before the parting of their ways they had established no home, they had fixed no standards of living. Before the marriage the plaintiff had lived for a considerable time with her parents and had been supported in modest and comfortable circumstances by her father. Several years ago she worked, but her maximum salary was $65 a week. To me it seems fair that the husband supplant the father as the provider, but merely because the husband is possessed of considerable wealth I do not feel that he should be required, in the circumstances revealed by the evidence, to provide enough money for her to live a life of luxury to which she has never been accustomed. I shall not gratify her greed. To do so would be, I think, a gross abuse of judicial power.

It is accordingly ordered and decreed that the defendant be, and he is, required to pay the plaintiff, for her support and maintenance, the sum of $75 on Friday of each week (beginning today), until the further order of the court, and an additional sum of $75 for her support and maintenance during the week which has elapsed since the oral announcement of my decision; that he be, and he is, further required to pay immediately to her attorneys, Anderson, Scott, McCarthy & Preston, the sum of $12,500, the amount which the court finds is reasonable compensation for the professional services which they have rendered in the plaintiff's behalf in this suit; that he be, and he is, further required to pay immediately all unpaid costs of this suit.

There has been deposited in the registry of the court by the defendant the sum of $2,500 as suit money, pursuant to the court's order of January 24, 1955. By a supplemental order or decree, after the amount of the reasonable expenses incurred by the plaintiff in this suit have been determined, provision will be made for the payment of such expenses from such fund.