Samuel M. Gold, J.
This is a motion by defendant, Dolores Fullman Astor, to dismiss the complaint in a declaratory judgment action commenced by plaintiff against Gertrude Gretsch Astor and Dolores Fullman Astor. Plaintiff seeks a declaratory judgment (1) as to which of the defendants is his lawful wife, (2) that a Mexican decree of divorce obtained by him from defendant, Gertrude, be held invalid, and (3) that a Florida decree obtained by Dolores was ineffective to adjudicate that she is his lawful wife.
The notice of motion is based on the contention that the Florida decree is res judicata and entitled to full faith and credit in the courts of this State. The main brief submitted by the movant, under the prayer of the notice of motion for “ other *969 and further relief ” asserts as an additional ground for dismissal, that the complaint does not state a subsisting justiciable controversy between plaintiff and the movant. Plaintiff’s main brief and the reply briefs of both movant and the plaintiff discuss this question at length. In the circumstances, the motion will be treated as based upon both grounds. No useful purpose would be served by requiring defendant to make a new motion based upon the second ground.
It appears from the complaint and the affidavits submitted on this motion that in an action brought by defendant, Gertrude Gretsch Astor, against plaintiff in this court, she obtained a decree of separation, the court holding that a Mexican divorce decree which this plaintiff had theretofore obtained was invalid as to Gertrude because she had not been served with process or appeared. It further appears that in an action in Florida, brought by the movant, Dolores, against this plaintiff, Dolores obtained a decree of separation and support. The Florida court did not determine whether or not the Mexican divorce was valid, holding that this plaintiff having obtained the divorce decree and having remarried in reliance thereon was estopped from asserting its invalidity.
The New York decree in favor of Gertrude and against this plaintiff is binding upon the latter since the New York court concededly had jurisdiction over plaintiff. The Florida decree in favor of Dolores is likewise binding upon this plaintiff as the Florida court admittedly possessed jurisdiction over him. The two decrees are, however, not necessarily inconsistent. In Krause v. Krause (282 N. Y. 355) the defendant was held estopped, in an action for a separation, to set up a defense that a foreign decree of divorce, which he himself had obtained from his former wife, was invalid. The court pointed out (pp. 359-360) that to refuse to permit the defendant to escape his obligation to support the plaintiff did not indicate recognition by our court of the validity of the foreign decree. The court added (p. 360), “ Nothing in this decision should be taken to mean that because the defendant may not in these proceedings avail himself of the invalidity of his Nevada decree he is not the husband of his first wife.” The Florida decree, in effect, adjudicates that Dolores is the wife of this plaintiff because the latter is estopped to question the validity of the Mexican divorce decree whereas the New York decree adjudicates that Gertrude is the wife of this plaintiff by reason of the fact that no valid decree of divorce terminated her marriage to plaintiff. Plaintiff may not, in this action, procure relief which would deprive either defendant of the provisions for support con *970 tained in such defendant’s decree against plaintiff. The Florida decree in favor of Dolores does not, however, constitute an adjudication binding on Gertrude (who was not a party to the Florida action) that Dolores is this plaintiff’s lawful wife for all purposes, especially since the issue of whether the Mexican divorce decree was valid and left plaintiff free to marry Dolores was not adjudicated. There may be situations presenting a necessity for determining the question of which of the defendants is the lawful wife of plaintiff. Insufficient facts are, however, set forth in the present complaint to show that plaintiff is faced with an immediate and practical necessity for having that problem determined. All that is stated in the pleading is that “ The question which of the defendants herein enjoys the status of the plaintiff’s lawful wife creates doubts as to certain rights and interest in and to the plaintiff’s property and estate.” This allegation is a mere conclusion without any ultimate facts to support it. It is entirely too vague and indefinite to justify this court in entertaining and trying the present action. What the property and estate consist of and where they are situated are not disclosed, nor are other facts alleged which show that it is necessary for plaintiff’s benefit to determine which defendant is the lawful wife. For aught that is alleged, the plaintiff is seeking a determination as to a purely abstract question. It is well settled that an action for a declaratory judgment must be dismissed if it does not seek determination of an actual problem, the decision of which is presently necessary for practical reasons (Guibord v. Guibord, 2 A D 2d 34; Westerman v. Westerman, 1 A D 2d 892; Prashker v. United States Guar. Co., 1 N Y 2d 584).
In the reply brief submitted by plaintiff’s attorneys they disavow, as a basis for this action, the need for a declaratory judgment to meet the contingency that plaintiff might predecease both defendants without either having divorced him — in which event a question might arise as to Dolores’ right to share in plaintiff’s estate. The reply brief declares “ we deny having advanced any such pretext ’ for the present action ”. The reply brief acknowledges that ‘ ‘ declaratory judgment procedure is intended to deal with actual problems and not with remote possibilities which may never eventuate ”, but takes the position that plaintiff is confronted with four actual problems. The brief then goes on to state these alleged “actual problems ”. None of them is alleged in the complaint itself.
To withstand a motion to dismiss, the pleading must allege facts warranting the maintenance of an action for a declaratory judgment. Statements in briefs cannot supply or cure *971 the omissions of the complaint. Apart from this, however, the four so-called “ actual problems ” referred to in the reply brief would not, even if alleged in the complaint, justify the maintenance of the present action.
The first “ actual problem ” appears to be plaintiff’s alleged need for determining which of the defendants is entitled to receive support from him. Plaintiff is not confronted with any such necessity, for, as previously observed, a judgment in this action that Gertrude is plaintiff’s lawful wife would not deprive Dolores of her right to support under the Florida decree (Krause v. Krause, supra). The facts alleged in the present complaint negative any possibility that Dolores is the plaintiff’s lawful wife, for plaintiff affirmatively alleges that Gertrude was not served with process in his Mexican divorce action and did not appear therein.
The second “ actual problem ” asserted to confront plaintiff is the necessity of deciding which defendant he may be reconciled with without risking the commission of a crime in the State where the other defendant possesses a decree of separation. Plaintiff does not, however, state that he wishes to become reconciled to either of the defendants, or that either of the defendants is willing to become reconciled with him. There is also the possibility that plaintiff may not wish to become reconciled with the particular defendant who would be declared his lawful wife if this action were to proceed or that said defendant would consent to such a reconciliation.
The following comment in one of the briefs submitted on behalf of the movant is pertinent: “ Does the plaintiff really want this court to believe that plaintiff’s choice of a wife will depend upon the provisions of a declaratory judgment which this court might give him ? ’ ’ Clearly the second ‘ ‘ actual problem ” is at best a contingent one which may never eventuate to confront plaintiff with the need for its determination.
The third “ actual problem ” referred to by plaintiff’s attorneys arises by reason of the fact that the taxing authorities permit the filing of a joint return by a married man only with his lawful wife. Plaintiff’s reply briefs state that “ if plaintiff remains validly married to Gertrude, he could, if reconciled, file joint returns with her only” and that if plaintiff “has become the lawful husband of the movant, upon reconciliation with her, he could file joint returns with the movant only ”. This problem is likewise wholly contingent. It presupposes, (1) plaintiff’s readiness to become reconciled with at least one of the defendants, (2) said defendant’s readiness to become reconciled with him, (3) said defendant’s willingness to file a *972 joint return with plaintiff, and (4) plaintiff’s willingness to file a joint return with said defendant. There is nothing before the court to indicate that the so-called problem is not purely hypothetical and abstract.
The fourth “ actual problem ” relied upon in plaintiff’s reply brief relates to the right of a taxpayer to deduct payments made pursuant to a court decree of separation. Plaintiff’s brief states that he does not know which payments (those to Gertrude or those to Dolores) will be recognized by government authorities as deductible. It is, however, possible that the taxing authorities may recognize the payments to both Gertrude and Dolores as deductible, made as they would be, pursuant to final decree of separation by the courts of different States.
At the present time there appears to be insufficient basis for anticipating a contrary ruling by the tax authorities. Moreover, plaintiff may apply to the latter for a ruling as to whether both sets of payments will be allowed as deductions, or, if not, which set of payments will be allowed. He may then govern himself accordingly. He does not, at this time, at least, need a declaratory judgment of this court. Whether, if plaintiff is dissatisfied with the ruling, he may be in a position to sue for a declaratory judgment as to which defendant is his lawful wife, is a question whose present determination is premature.
The motion to dismiss is granted, with leave to serve an amended complaint within 10 days from the service of a copy of this order with notice of entry.
Settle order.
(On reargument, March 29, 1957.)
Plaintiff bases this motion for reargument upon “ certain authorities, not hitherto cited”, viz.: Baumann v. Baumann (250 N. Y. 382) and a number of cases to the same effect. In each of the cases now relied upon by plaintiff, a wife was permitted to maintain an action for a declaratory judgment as to the effect upon her marriage of a foreign divorce decree obtained by her husband subsequent to the marriage. In none of said cases, however, had there been a prior adjudication as to the validity of the foreign decree in an action between the plaintiff and her husband. In the instant case, on the contrary, there has been an adjudication in the courts of this State, in an action between the present plaintiff and Gertrude Gretsch Astor, one of the defendants, that a Mexican divorce obtained by the plaintiff from her is invalid and void and that Gertrude is therefore his lawful wife, notwithstanding his purported remarriage to defendant, Dolores *973 Fullman Astor. That adjudication is binding upon plaintiff and cannot be undone or set aside in this action. There is, therefore, as far as presently appears, no need at this time for the maintenance and trial of the present action. The existence of a decree of a Florida court holding that plaintiff is estopped from claiming that defendant, Dolores, is his wife does not, in and of itself, create a necessity for the prosecution of the instant suit. This is so because the Florida court did not hold that the Mexican divorce was valid and that plaintiff had accordingly been free to marry Dolores, but merely determined that for the purposes of the action for support brought by Dolores, the present plaintiff could not be heard to urge as a defense that a divorce decree which he himself had procured was invalid. The Florida decree does not purport to destroy the status of Gertrude as plaintiff’s lawful wife nor does it purport to adjudicate Dolores as the lawful wife of plaintiff except for the purposes of her action for support. There can be only one lawful wife at any given time. As our Court of Appeals pointed out in Krause v. Krause (282 N. Y. 355), a determination that a defendant who obtained an invalid divorce may not set up the invalidity of the divorce as a defense to an action for support by one whom he purported to marry subsequent to such divorce, does not mean that he is not the husband of his first wife. As plaintiff has failed to establish the existence of any practical necessity for the maintenance and prosecution of this action in the light of the prior determination that Gertrude is his lawful wife and the absence of a contrary determination by the Florida court, this court adheres to its original determination that the present complaint should be dismissed. It is to be noted, in this connection, that in none of the cases now cited by plaintiff was the action for a declaratory judgment declaring a foreign decree void brought by the very spouse who had procured the foreign decree. It should also be mentioned that the complaint, whose sufficiency is attacked, does not even allege that Dolores claims to be plaintiff’s wife for any purpose except the right to be supported by him. Paragraph 17 of the pleading merely alleges that the Florida decree held Dolores entitled, as plaintiff’s wife, to a support decree.
The motion for reargument is granted, but upon such reargument the original determination is adhered to.