Henry Epstein, J.
This action is brought by plaintiff, John Astor, for a declaratory judgment, seeking to have this court determine which of the two named defendants is “ his lawful wife ’ ’. Both plaintiff and defendant Dolores Fullman Astor are Florida residents. Defendant Gertrude Gretsch Astor, alleged to be a resident of New York, is a defendant, and has interposed an answer asking for judgment declaring her to be the lawful wife of plaintiff. On the argument, however, Gertrude was not represented and has filed no brief herein. That is very understandable because Gertrude has a determination of the New York courts in her favor. On March 6, 1956, our courts declared that Gertrude is plaintiff’s lawful wife and awarded her separate maintenance. Thus Gertrude already has the protection of the courts of New York and presents no basis for the relief herein sought by plaintiff. “ New York courts do not, generally speaking, look with favor upon actions brought by a nonresident plaintiff, whose matrimonial domicile was not in this State and who seeks to use our courts for declaratory relief with respect to marital status, unless there are substantial reasons for invoking the exercise of our judicial power.” (Engel v. Engel, 275 App. Div. 14, 16.)
In Florida defendant Dolores has obtained a decree for separate maintenance as the lawful wife of plaintiff herein. (See Astor v. Astor, 7 Fla. Supp. 29, affd. by Supreme Court of Florida, 89 So. 2d 645, 646.) That case follows Florida decisions on marital status. (Wood v. Wood, 56 Fla. 882, 884-887.) The Florida decree is a final judgment entitled to recognition in this State. This in no manner militates against the equally enforcible judgment of our courts in Gertrude’s case against this plaintiff. Thus both Florida and New York have finally passed upon the respective status of defendants vis-a-vis plain *647 tiff. The complaint sets forth no presently necessary justiciable controversy between plaintiff and defendants. The plaintiff’s Mexican divorce against defendant Gertrude adds nothing to plaintiff’s rights herein and certainly cannot move this court in plaintiff’s direction in exercising a possibly available discretion. (See Statter v. Statter, 2 A D 2d 81, revd. 2 N Y 2d 668, and the carefully documented opinion of Judge Btjbke, dismissing complaint therein.)
The arguments advanced by plaintiff do not appeal to this court’s discretion. Florida certainly has authorized defendant Dolores to use the name Mrs. Astor. That presents no basis for this court to entertain plaintiff’s action. The fact that the courts of two States (Florida and New York) have entered respective judgments does not warrant any action in behalf of plaintiff. Suppose plaintiff should again resort to Mexico’s jurisdiction for another judgment not available for recognition in this State, to set him free upon the sea of matrimony once more. Should he then again be allowed to come into the courts of New York to ask our courts to tell him which of three is his wife? But plaintiff’s reasons advanced herein are equally unconscionable. He would like to be rid of the burden of deciding what deductions he may make on his income tax returns. To that end he can await the action of the Bureau of Internal Revenue and a review of their rulings by the Federal courts. Nor is this court moved by the plaintiff’s alleged quandary in the event that he should decide to seek a reconciliation with either one or the other, of the two defendants. He fears Florida (his legal residence) if he remarries Gertrude and he fears New York if he remarries Dolores. Neither of the women has indicated any such likelihood and plaintiff’s suggestion is brazen. Nor is the court moved by the possible battle for plaintiff’s remains or effects after his demise. That certainly is not a presently forceful argument for entertaining jurisdiction in behalf of a nonresident.
Both as a matter of law and in the exercise of discretion, the complaint is dismissed as setting forth no sound basis for a declaratory judgment. (See, also, Bickford v. Bickford, 50 N. Y. S. 2d 15, affd. 269 App. Div. 657; Leitman v. Leitman, 284 App. Div. 959; Guibord v. Guibord, 2 A D 2d 34.)