### FONELL v. FEATHERSTONE, Administrator.

Circuit Court, Monroe County.

July 3, 1957.

Von Arx, Von Arx & Hope, and Alice B. Vance, all of Miami, for plaintiff.

Leland B. Featherstone, Miami, for defendant.

AQUILINO LOPEZ, Jr., Circuit Judge.

This cause came on to be heard on plaintiff's complaint "in the nature of a bill of review," defendant's answer, the motion to dismiss in defendant's answer, and defendant's motion for a final

decree. The court has considered plaintiff's deposition, filed herein, and heard the arguments of counsel.

Plaintiff Fonell seeks the cancelation of a final decree of divorce entered by the undersigned judge in favor of Olive B. Fonell, plaintiff, against Fonell (defendant in that suit), chancery # 12-698, dated May 31, 1951, recorded June 5, 1951 in chancery order book A-8, page 111 of the public records of Monroe County.

Olive B. Fonell died on August 14, 1956.

Plaintiff alleges that his deceased ex-wife had actual knowledge of his residence even though she swore in her affidavit and testimony in the divorce suit that she did not have such knowledge, and he prays that the divorce decree be canceled as a fraud on the court. All the statutes and rules of court were complied with in the divorce suit — plaintiff's only complaint is that his deceased ex-wife executed a fraudulent affidavit in order to obtain an order of publication against the defendant in that suit.

The testimony of the plaintiff Fonell in his deposition shows that he received a copy of the divorce decree within a short time, probably a month, after its entry, that he returned to Miami in October 1955, right after visiting his ex-wife in Knoxville, Tenn., that he then learned that the divorce was obtained on the ground of desertion.

Plaintiff's deposition shows further that, recognizing the validity of the divorce decree, he entered into a subsequent marriage with Marguerite Fonell in Baltimore, Md., on December 31, 1952. He has not lived with Marguerite Fonell since 1955.

Plaintiff is clearly guilty of laches. He knew of the divorce in 1951, knew of the alleged fraud in 1955, yet he did not file this suit until 1957 — almost a year after his ex-wife's death. When he remarried, he accepted the benefit of the allegedly fraudulent divorce, it might be said that he accepted, ratified and confirmed it. He is estopped from challenging its validity.

Although lapse of time or subsequent marriage each by itself may not constitute laches or preclude the party against whom fraud was committed from asserting his right to institute an action, a combination of both together with a change of condition which may have arisen during the period in which there has been neglect would constitute laches. In this case the other party died and she died almost a year after the aggrieved party knew of the grounds of divorce and five years after he knew of the divorce.

Taking as true the allegations in plaintiff's complaint and his testimony in his deposition, the court finds that there is no genuine issue as to any material fact, that defendant herein is entitled to a

final decree as a matter of law, that plaintiff's complaint should be dismissed with prejudice at plaintiff's cost.

See 12 A.L.R. 2d, page 153 et seq.; Lanigan v. Lanigan (Fla.), 78 So. 2d 92; Kelley v. Kelley (Fla.), 75 So. 2d 191; Chisholm v. Chisholm (Fla.), 125 So. 694; Astor v. Astor, 7 Fla. Supp. 29; Kessler v. McGlone, 1 Fla. Supp. 118; and 10 Fla. Jurisprudence, pages 113-116.

It is ordered, adjudged and decreed that defendant's motion for final decree is granted, that plaintiff's complaint is dismissed with prejudice at plaintiff's cost.