107 So.2d 201 (1958)
John ASTOR, Appellant,
v.
Dolores Fullman ASTOR, Appellee.
No. 58-161.
District Court of Appeal of Florida. Third District.
December 2, 1958.
Rehearing Denied December 31, 1958.
*202 Charles M. Moon, W.F. Parker, and Redfearn, Ferrell & Simon, Miami, for appellant.
Scott, McCarthy, Preston, Steel & Gilleland, Miami, for appellee.
CARROLL, CHAS., Chief Judge.
This is an appeal from a final decree dismissing a suit for annulment of marriage and for other relief filed by the appellant in the Circuit Court in Dade County.
The record discloses the following facts. The appellant Astor married one Gertrude Gretsch on September 18, 1944. While separated and estranged from Gertrude in 1954, Astor met the appellee Dolores Fullman of Miami Beach, and planned with her for their marriage. The necessary preliminary of a divorce from Gertrude was accomplished by Astor in Mexico on July 21, 1954. Astor then married Dolores on August 6, 1954. Shortly thereafter, Gertrude filed a suit against Astor in New York County, New York, seeking to have his Mexican divorce decree declared to be invalid. On March 6, 1956, the New York court entered a final decree in that suit holding Astor's Mexican divorce invalid, and establishing Gertrude as his wife.
In the meantime, before that New York decree was entered, certain litigation occurred between Astor and Dolores in Dade County, Florida. Some six weeks after their marriage Dolores left Astor, and she filed suit in Dade County against him on September 22, 1954, under section 65.10, Fla. Stat., F.S.A., for alimony unconnected with causes of divorce, a proceeding commonly referred to as a suit for separate maintenance.[1]
Under that statute, while certain circumstances must exist to entitle a wife to alimony, it is not necessary for her to allege or prove grounds for divorce. Astor defended the suit for separate maintenance on the ground that the divorce he had obtained from Gertrude in Mexico was invalid. He counterclaimed for divorce from Dolores charging extreme cruelty, and also sought a decree annulling his marriage to her based on allegations of invalidity of his earlier Mexican divorce from Gertrude.
On April 1, 1955, the chancellor granted Dolores a decree of separate maintenance, and awarded her certain alimony (7 Fla. Supp. 29). In his decree the chancellor held that Astor was estopped to defend against Dolores' suit for separate maintenance by *203 showing invalidity of his Mexican divorce, and he dismissed Astor's counterclaim.[2]
On an appeal by Dolores to the Supreme Court of Florida, she sought and obtained a substantial increase in the alimony. In other respects the decree was affirmed. Astor v. Astor, Fla. 1956, 89 So.2d 645. No cross-appeal appears to have been taken by Astor.
Astor filed suit in New York on February 14, 1957, against Gertrude and Dolores, seeking a declaratory judgment to determine, in light of the Florida and New York decisions above referred to, which of the two women defendants was his lawful wife, and seeking an adjudication that his Mexican divorce was void, and relief from the effect of the Florida separate maintenance decree.[3] The New York court rejected that suit on the ground, among others, that Dolores' separate maintenance decree was res judicata.[4]
Thereafter, on January 28, 1957, in the Circuit Court in Dade County, Florida, Astor filed the suit against Dolores with which this appeal is directly concerned. In his complaint Astor alleged and contended the New York decree of March 6, 1956, invalidating the Mexican divorce in the suit between Gertrude and Astor, should overcome the estoppel which the Florida court had imposed on Astor against using the invalidity of the Mexican divorce in defense in Dolores' suit for separate maintenance. In his new complaint Astor asked the Circuit Court of Dade County to review the separate maintenance decree of April 1, 1955, and to review the Florida Supreme Court's decision which had affirmed that decree, and prayed that the circuit court set aside the separate maintenance decree and grant Astor a decree of annulment. Dolores answered asserting the defense that her separate maintenance decree was res judicata of the matters raised in the complaint. The cause came on for trial before the chancellor, and at the close of the presentation of evidence on behalf of the plaintiff Astor, the chancellor entered his decree dismissing the suit.
The determinative question is whether the later New York decree invalidating Astor's Mexican divorce, entered in a suit by Gertrude against Astor to which Dolores was not a party, compelled the chancellor in the instant case to vacate the earlier Florida separate maintenance decree. We must answer that question in the negative. This is so because the Florida decree, which, in effect, held that Astor was estopped to use the invalidity of his Mexican divorce as a shield against Dolores' claim for separate maintenance or as a sword to terminate his obligation for her *204 support, and denying Astor's counterclaim for annulment on the same basis, continues binding on him, and is res judicata as to these parties. Prall v. Prall, 58 Fla. 496, 50 So. 867, 870, 26 L.R.A.,N.S., 577; Gray v. Gray, 91 Fla. 103, 107 So. 261, 262; Brundage v. O'Berry, 101 Fla. 320, 134 So. 520, 522. The estoppel imposed on Astor by the Florida decree was broad enough to cover any and all methods by which Astor might have sought to prove or establish the invalidity of the Mexican divorce, and it is sufficient, as implemented by res judicata, to cover the effort in the instant case to establish the invalidity of the Mexican divorce by showing the New York decree so holding, entered in a suit to which Dolores was not a party. See Gordon v. Gordon, Fla. 1952, 59 So.2d 40.
"Where the defendant interposes a counterclaim and judgment on the merits is rendered against him on the counterclaim, he cannot thereafter maintain an action on the cause of action stated in the counterclaim, but he is not precluded from maintaining such an action if the judgment is not on the merits." Restatement, Judgments, § 59.
"Where a judgment is rendered in favor of the plaintiff or where a judgment on the merits is rendered in favor of the defendant, the plaintiff is precluded from subsequently maintaining a second action based upon the same transaction, if the evidence needed to sustain the second action would have sustained the first action." § 61 ibid.
While the New York decree invalidating Astor's divorce is entitled to full faith and credit, it does not follow that it may affect the earlier Florida separate maintenance decree. In the suit which Astor brought against Gertrude and Dolores in New York for declaratory decree, he asked the New York court to hold that the earlier New York decree obtained by Gertrude invalidating his Mexican divorce was a sufficient ground to upset the Florida separate maintenance decree which Dolores had obtained. The New York court refused to so rule, and dismissed his suit, regarding the Florida decree as res judicata.[5]
The New York decree invalidating Astor's Mexican divorce is not entitled, under the requirement for full faith and credit, to be assigned a credit or effect in Florida greater than a court in the state in which it was rendered was willing to accord it. See Kovacs v. Brewer, 356 U.S. 604, 78 S.Ct. 963, 2 L.Ed.2d 1008. Cf. Sutton v. Leib, 342 U.S. 402, 72 S.Ct. 398, 96 L.Ed. 448.
The New York court, in dealing with Astor's suit for declaratory decree, pointed out that the earlier New York decree and the Florida decree rendered in the separate maintenance suit were not necessarily inconsistent or repugnant. That court further noted that the decree for separate maintenance did not purport to hold that Astor and Dolores were validly married, but rather that Astor was estopped to deny the marriage under the circumstances.[6]
*205 For the reasons stated, the chancellor was eminently correct in denying the relief sought and in dismissing the cause, and the decree appealed from is hereby affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.
NOTES
[1] Section 65.10, Fla. Stat., F.S.A., reads as follows: "If any husband having ability to maintain or contribute to the maintenance of his wife or minor children shall fail to do so, the wife, living with him or living apart from him through his fault, may obtain such maintenance or contribution upon bill filed and suit prosecuted as in other chancery causes; and the court shall make such orders as may be necessary to secure to her such maintenance or contribution."
[2] In rejecting Astor's attempt to defend by asserting invalidity of his Mexican divorce and dismissing his counterclaim, the decree of April 1, 1955, in Dolores' suit for separate maintenance contained the following:

"The defendant, asserting that he has not been divorced from a former wife because the decree of a Mexican court sought and obtained by him is void, contends that the parties are not husband and wife. The contention, in my opinion, is not tenable. It is my view that he cannot question the validity of the Mexican decree because he not only sought and procured it, but took advantage of it by remarrying.
"The defendant's counterclaim for a divorce is dismissed for the reason that it has not been proved, by a preponderance of evidence, that he is a bona fide resident of the State of Florida. Even if there were no jurisdictional impediment, there is no preponderant proof of his charge of extreme cruelty."
[3] In the earlier suit in New York between Gertrude and Astor, the New York court already had held that the Mexican divorce was invalid, and that Gertrude was his lawful wife. As there was no reason to ask the New York court to redetermine those matters. Astor's suit for declaratory decree was simply one brought to undermine the Florida separate maintenance decree by obtaining a ruling against Dolores based on a claim of invalidity of his Mexican divorce from Gertrude.
[4] Astor v. Astor, 6 Misc.2d 967, 160 N.Y.S.2d 103, adhered to on rehearing 162 N.Y.S.2d 87 (final dismissal of complaint) 9 Misc.2d 645, 165 N.Y.S.2d 767.
[5] See note 4 supra.
[6] Astor v. Astor, 160 N.Y.S.2d 103, 106, saying: "The New York decree in favor of Gertrude and against this plaintiff is binding upon the latter since the New York court concededly had jurisdiction over plaintiff. The Florida decree in favor of Dolores is likewise binding upon this plaintiff as the Florida court admittedly possessed jurisdiction over him. The two decrees are, however, not necessarily inconsistent. In Krause v. Krause, 282 N.Y. 355, 26 N.E.2d 290, the defendant was held estopped, in an action for a separation, to set up a defense that a foreign decree of divorce, which he himself had obtained from his former wife, was invalid. The court pointed out, 282 N.Y. at pages 359-360, 26 N.E.2d at page 292, that to refuse to permit the defendant to escape his obligation to support the plaintiff did not indicate recognition by our court of the validity of the foreign decree. The court added, 282 N.Y. at page 360, 26 N.E.2d at page 292, `Nothing in this decision should be taken to mean that because the defendant may not in these proceedings avail himself of the invalidity of his Nevada decree he is not the husband of his first wife.' The Florida decree, in effect, adjudicates that Dolores is the wife of this plaintiff because the latter is estopped to question the validity of the Mexican divorce decree whereas the New York decree adjudicates that Gertrude is the wife of this plaintiff by reason of the fact that no valid decree of divorce terminated her marriage to plaintiff. Plaintiff may not, in this action, procure relief which would deprive either defendant of the provisions for support contained in such defendant's decree against plaintiff. * * *"