SEBRING, Justice.
The appeal is from a final decree of the Circuit Court for Duval County, Florida, rendered in favor of the plaintiff in a suit to cancel the ad valorem tangible personal property tax assessment for the years 1950— 1953, inclusive, on two “crane vehicles” owned by the plaintiff.
As the basis for the relief granted, the amended complaint in the cause alleged, m substance, that the plaintiff is the owner of two motor vehicles known as a Mack Trucker Wrecker Crane and Lorrain Crane, respectively, which are designed for exclusive use and used by the plaintiff in its construction work; that the vehicles are operated and propelled over the public highways of the state by power other than muscular; that in pursuance of the requirements of Chapter 319, Florida Statutes, F.S.A., plaintiff applied to, and received from, the Motor Vehicle Commissioner of Florida a certificate of title and a license tag, G W Series, for each of said vehicles; that the tax assessor of Duval County has illegally assessed said vehicles , as tangible personal property in contravention of Section 13, Article IX, Constitution of Florida, F.S.A., which provides that “Motor Vehicles, as property, shall be subject to only one form of taxation which shall be a license tax for the •operation of such motor vehicles, which * * * shall be in lieu of all ad valorem taxes assessable against motor vehicles as personal property.” The prayer of the complaint was that the Tax Assessor and Tax Collector of Duval County be enjoined from attempting to collect or enforce a tangible personal property tax on the said vehicles, and that the assessments theretofore made be cancelled.
In the answers filed to the complaint the defendants denied that the vehicles in question were motor vehicles, within the meaning of the provision of the constitution exempting motor vehicles from ad valorem taxation, and averred that inasmuch as the vehicles were hot designed, or used, for the transportation of passengers or commodities on the highways, they were not motor vehicles within the meaning of the Constitution or statutes.
With the answers,,the defendants filed a motion to dismiss the amended complaint on the grounds that the complaint failed to state a claim on which relief could be .granted, failed to adequately describe the vehicles but merely assumed that they were motor vehicles, and failed to set forth sufficient allegations of fact to overcome the presumption that the vehicles were not motor vehicles.
The motion to dismiss was denied by the trial court and subsequently the parties entered into a written stipulation, wherein it was stipulated that the plaintiff wás the owner of the vehicles described jn the complaint and the holder of certificates of title and license tags issued therefor; that the vehicles were designed for exclusive use by the plaintiff in its construction work; that the vehicles were operated over the public highways of the state and were self-propelled by gasoline engines; and that the defendants had assessed the vehicles as tangible personal property, as alleged in the complaint.
Based upon the complaint, answer and stipulation, the trial court entered the decree appealed from, in which'it adjudicated' that the vehicles were subject “to only one form of taxation which is a license tax for the operation of said motor vehicle” and that relief should be granted the plaintiff in accordance with the prayer of the complaint.
It seems to us that if we affirm the decree brought here for review the rule will have been established that any equipment mounted on wheels equipped with pneumatic tires that is capable of being self-propelled on the highways by means of a gasoline engine is a motor vehicle, and therefore immune from ad valorem taxation under our laws, even though the equipment is designed exclusively for construction work and is used for this purpose.
*270 We feel driven to this conclusion for the reason that nowhere in the pleadings or stipulation is there any showing as to the exact nature of the plaintiff’s business or of the construction work for which his equipment was exclusively designed and is ordinarily employed. While it is shown that the vehicles can be, and perhaps are, operated on the highways, the extent and nature of the operation on the highways and whether or not such operation is primary, or only incidental to the main and ordinary uses of the vehicles, is not shown by the record. The design of the equipment is not shown, and consequently we are left to conjecture as to whether or not the cranes are permanently affixed to the chassis of the vehicle or are mounted on separate frames and hauled from place to place by means of cab and trailer coupling. The height, length, width and weight of the vehicles are not shown by the record.
While all this information may not be essential, it would seem that evidence on at least some of these salient facts is necessary to the determination of the question whether or not the vehicles in question are motor vehicles within the purview of the taxing laws. The mere fact that the plaintiff has certificates of title and license tags therefor, or that the vehicles are operated upon the highways, is not decisive of the question.
While doubtless all the facts upon which the trial court based its decree were personally known to the trial judge, personal knowledge alone is not a sufficient predicate for the entry of a final decree, and a decree rendered without sufficient evidence in the record to sustain it can not be upheld when it is questioned on appeal. Hughes v. Bunker, Fla., 76 So.2d 474; Amos v. Mosley, 74 Fla. 555, 77 So. 619, L.R.A.1918C, 482.
Accordingly, the decree appealed from is reversed with directions that further proceedings be had in accordance with this opinion.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur.