## WARREN, JONES & WARREN, INC. v PAAB, etc., et al.
### Case No. 87-27466 (CA 19)
Eleventh Judicial Circuit, Dade County
February 10, 1988

### APPEARANCES OF COUNSEL

**Leonard H. Wolf** for plaintiff.

**Robert Ginsburg,** County Attorney and **Thomas W. Logue,** Assistant County Attorney, for defendants.

### OPINION OF THE COURT

JACK M. TURNER, Circuit Judge.

### *FINAL JUDGMENT*

This matter came before the Court for nonjury trial on January 25, 1988. The Court heard testimony, received documentary evidence and considered the parties' pleadings and memoranda of law. Being fully apprised of the premises,

IT IS ORDERED AND ADJUDGED

1. This action was brought by the plaintiff-property owner Warren, Jones & Warren, Inc. to contest the 1986 personal property tax on its concrete pumper. The property owner stipulated that it did not challenge the amount of the assessment. Instead, it challenges the right of the Property Appraiser to tax the property. Basically, the property owner argues that the concrete pumper is a motor vehicle and is therefore exempt from any personal property tax pursuant to Article VII, 1(b) of the Florida Constitution.

2. The piece of equipment at issue is made up of two basic components. The carriage portion is basically a standard flat bed truck made by Mack Trucks. Permanently secured to the back of the carriage portion is a large concrete pumper made by the Putzmeiser firm of Germany. The equipment is integrated in that the concrete pump operates off of the motor vehicle engine. The unit can transport the driver and two other crewmembers, a tool box, water necessary to clean out the pump after use, and the pipes used to assemble the pump. The unit does not carry its own supply of concrete.

3. The representative of the company testified that it would be uneconomical to use this unit only for transportation purposes. All witnesses who testified agreed that the primary purpose of the unit was to perform the specific task of pumping concrete at a construction site.

4. The representative of the property appraiser's office testified that the property appraiser had taken the total value of the unit and apportioned 40% of the value to the carriage portion and 60% of the value to the concrete pumper portion. The property appraiser taxed only the concrete pumper portion.

5. The legal issue presented is whether this method of assessment violates Section 1(b), Art. VII of the Florida Constitution which provides an exemption for "motor vehicles . . . as defined by law."

6. In *Forbes v. Bushnell Steel Construction Co.,* 76 So.2d 268 (Fla. 1954), the Supreme Court of Florida indicated that a court must look to whether transportation is a primary or merely incidental purpose of a piece of construction equipment in order to decide if it comes within the exemption from ad valorem taxation. Based on the parties stipulation that the "crane vehicles" were self propelled and operated over the highways, the trial judge ruled that the "crane vehicles" were motor vehicles exempt from ad valorem taxation. 76 So.2d at 269. The Supreme Court reversed and ordered a full trial, because the record did not reveal whether transportation was a primary or merely incidental purpose of the "crane vehicles." The Court stated that "While it is shown that the vehicles can be, and perhaps are, operated on the

76

highways, the extent and nature of the operation on the highways and whether or not such operation is primary, or only incidental to the main and ordinary uses of the vehicles is not shown by the record."

7. This holding that the purpose of the equipment be considered is fully in accord with the statutory definition of motor vehicle which requires that the equipment be "used to transport persons and property" to qualify as a motor vehicle. Section 320.01(1)(a), Fla. Stat.

8. In *Crane Rental of Orlando v. Ford,* 518 So.2d 395 (Fla. 5th DCA 1987), the Fifth District COurt of Appeals recently considered an almost identical issue. In that case, the court had to decide if a fully integrated "vehicle crane" was subject to taxation. The Court reasoned:

> The primary purpose of these vehicles is for their use as cranes on construction. These vehicles are not used for the primary purpose of transporting persons or property. . . . The cranes are capable of transporting buckets, additional boom extensions, and other equipment. However, these items are only appurtenant to the use of the vehicles as cranes. Clearly, the vehicles are not used for the primary purpose of transporting and delivering such items to the construction site. Rather, their use of the highways is solely for the purpose of taking them to the construction site where they are used as cranes.

518 So.2d at 397. Because the unit was integrated and no effort was made to either arty to distinguish the carriage portion from the construction equipment portion, the court held that the entire unit was taxable. 518 So.2d at 399.

9. While the Court in the *Crane Rental* case perhaps went too far in taxing the entire unit, the case is still authority for the rule that the courts must look to the primary purpose of the unit to determine if it is subject to taxation.

10. In the instant case, every witness that testified about the unit admitted that its primary purpose is to pump concrete at a construction site. While it does transport certain supplies and equipment, these are sufficient only to service the pump itself and are therefore incidental to the primary purpose of pumping concrete. The representative from the plaintiff stated that it would be uneconomical to use such a specialized piece of equipment for purely transportational purposes.

11. Exemptions to the taxation of personal property are to be narrowly construed against the party claiming the exemption. *Volusia County v. Daytona Beach Racing and Rec. Fac. Dist.,* 341 So.2d 498, 502 (Fla. 1976) ("The rule is that all property is subject to taxation unless expressly exempt and such exemptions are strictly construed

against the party claiming them."). Under this standard, plaintiff property owner is not entitled to have the concrete pumper portion of the unit, the part made by Putzmeiser rather than by Mack Truck, exempt from taxation.

12. For the above reasons, the challenged assessment is upheld. Plaintiff shall take nothing by this action and Defendant shall go hence without day. The Court reserves jurisdiction to tax costs.

DONE AND ORDERED in Chambers in Miami, Dade County, Florida this 10th day of February, 1988.